■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DERRICK DAVENPORT, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Kramer, J.), rendered March 30, 1989, convicting him of criminal sale of a controlled substance in the third degree, after a nonjury trial, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the trial court erred in proceeding with the trial in his absence is without merit. The record reveals that the defendant absconded during a recess on the first day of trial. The court had previously administered Parker warnings and the defendant stated that he understood that if he failed to appear for his trial, the trial could proceed in his absence. The defendant also signed a statement embodying the Parker warnings. The court held a hearing to determine if the defendant's absence was deliberate. Given this, we find that the defendant knowingly, voluntarily and intelligently waived his right to be present at trial and further that the defendant's conduct constituted a forfeiture of his right to be present at trial (see, People v Brooks, 75 NY2d 898, remittitur amended 76 NY2d 746; People v Sanchez, 65 NY2d 436, 443-444; People v Parker, 57 NY2d 136).

The defendant also contends that the Trial Judge erred in refusing to recuse himself from the nonjury trial since this Judge had presided over the Sandoval hearing. It is well settled that there is no prohibition against the same Judge conducting a pretrial hearing and a nonjury trial (see, People v Moreno, 70 NY2d 403, 405-406; People v Latella, 112 AD2d

324). However, an improvident exercise of discretion can be found where the Trial Judge refuses to recuse himself when prejudice or bias has been established on the part of the Judge *(see, People v Moreno, supra,* at 407). At bar, the record is devoid of evidence that the Judge presiding at the *Sandoval* hearing harbored any bias or prejudice against the defendant. As such, we find that the Judge properly declined to recuse himself from the nonjury trial. Kunzeman, J. P., Balletta, Miller and O'Brien, JJ., concur.