■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GREGORY SLADE, Appellant.—Appeal by the defendant from a judgment of County Court, Nassau County (Orenstein, J.) rendered May 11, 1988, convicting him of robbery in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

The defendant contends that the hearing court should have suppressed testimony by the victim and the eyewitness as to showup identifications in which they participated on the grounds that those procedures were unduly suggestive and not required by any exigent circumstances. We disagree.

Procedures that are less than ideal may be acceptable in the interest of a prompt identification. This is particularly true in a case such as the present in view of the proximity of the apprehension of the defendant in time and place to the scene of the crime *(see, People v Love,* 57 NY2d 1023). Furthermore, consecutive identifications of a showup nature are not presumptively forbidden on the ground that the initial identification automatically negates the at-the-scene existence of exigent circumstances *(see, People v Duuvon,* 77 NY2d 541). In

this regard, the defendant offered no proof at the pretrial hearing that the conduct of the police was unduly suggestive.

The defendant further contends that a statement he made to the police revealing the whereabouts of the complainant's stolen pocketbook should have been suppressed because it was made in the absence of *Miranda* warnings. The hearing court found this statement—which was made in response to an inquiry as to the defendant's name and address only—to have been spontaneous and this court finds no basis to disturb that finding as a matter of law *(see, People v Ellis,* 58 NY2d 748; *cf., People v Lanahan,* 55 NY2d 711).

Finally, the court properly exercised its discretion in ruling that the People could inquire into two of the defendant's prior convictions *(see, People v Sandoval,* 34 NY2d 371). Kunzeman, J. P., Kooper, Sullivan and Lawrence, JJ., concur.