■ The People of the State of New York, Respondent, v Osbert Nevins, Appellant.—Judgment, Supreme Court, New York County (Ira F. Beal, J.), rendered September 26, 1989, convicting defendant after jury trial of grand larceny in the fourth degree, and sentencing him as a predicate felony offender to a term of imprisonment of 2-to-4 years, unanimously affirmed.

On the evening of March 13, 1989, a token clerk at the Penn Station subway stop was engaged in removing tokens from the turnstiles. As the clerk held a bucket containing collected tokens, he was approached from behind by two men who tried to grab the bucket from him. Unable to get the bucket because the clerk's finger became stuck in the handle, the two men reached into the bucket, each removed a handful of tokens, and then they ran off. The entire incident was observed by another token clerk stationed in the booth, who recognized defendant. The police were called immediately and descriptions of the two men were given, including the observations that defendant was taller than his accomplice, wore a cloth bandage on his forehead, and had a scar and bruises on his face. Although at the time he initially contacted the police the booth clerk could not recall whether defendant had facial hair, he saw defendant at the subway station again the next day. At that time he noticed that defendant had a beard and mustache and was still wearing the cloth bandage. The police were called again, and defendant was arrested.

Viewing this evidence in the light most favorable to the People, and giving them the benefit of every reasonable inference *(People v Malizia,* 62 NY2d 755, *cert denied* 469 US 932), the jury's determination of defendant's guilt of grand larceny

in the fourth degree was amply supported by the evidence *(People v Bleakley,* 69 NY2d 490). Identification testimony by the booth clerk was generally strong, and any discrepancies therein regarding defendant's height or other characteristics were properly left for the jury's resolution *(see, People v Malizia, supra).*

Defendant's claim of error by the trial court in responding to the jury's oral questions, including hypothetical situations exploring the taking "from the person" element of grand larceny in the fourth degree, is meritless in the circumstances. While the preferable procedure regarding jury questions is that the jury submit its questions in writing and the court confer with counsel before responding, such procedure is not mandated where, as here, it would be impractical *(People v O'Rama,* 78 NY2d 270). In this instance, the jury initially submitted a written request for a supplemental instruction regarding the elements of grand larceny in the fourth degree, and then orally sought further clarification of the taking "from the person" element by asking the court to consider hypothetical situations posed by members of the jury in open court and in the presence of defendant and counsel. Initially, it is noted that defendant interposed no timely objection to the procedure and the court's responses thereto, and thus has failed to properly preserve the issue (CPL 470.05). In any event, defendant's belated objection, entered after the jury had returned to the jury room, on the grounds that the court's response to the jury's final question was answered without any discussion with the attorneys and "arguably could be wrong", is meritless.

The hypothetical question in issue was designed to aid in the jury's understanding of the legal principle correctly stated by the court; the limited departure from the preferred procedure regarding jury questions created no reasonable possibility of prejudice to defendant and was appropriate in the circumstances *(see, People v O'Rama, supra).* Concur—Murphy, P. J., Carro, Ellerin, Kassal and Smith, JJ.