■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALFONSO SANCHEZ, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Dufficy, J.), rendered August 31, 1988, convicting him of robbery in the first degree (two counts), criminal possession of a weapon in the second degree, criminal possession of a weapon in the third degree (two counts), and assault in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Groh, J.), of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

Shortly after 5:00 o'clock in the evening of December 30, 1987, three armed men robbed a Queens travel agency. During the course of the robbery, one of the perpetrators struck the complainant in the head with a gun, and took her ring and watch. The perpetrators then forced the complainant to reveal where the agency kept its cash receipts, and fled with over $5,000. Approximately 20 minutes later, Police Officers Timothy Conner and Alfonso Delligatti apprehended two men who fit the description of the robbers, and immediately returned the suspects to the travel agency, which was located about 20 blocks away, for a showup.

At an ensuing *Wade* hearing, Officer Conner testified that when he arrived at the travel agency with the two suspects, the complainant was receiving medical treatment inside an Emergency Medical Service ambulance. The ambulance was equipped with a one-way mirror, and after receiving a signal from an officer inside the ambulance, Conner brought the defendant to the side of the vehicle to enable the complainant to view him. The complainant then identified the defendant as the assailant who had struck her with his gun during the commission of the robbery.

On appeal, the defendant contends, *inter alia,* that the People failed to meet their burden of establishing that the showup procedure was not unduly suggestive because they did not call the police officer who remained inside the ambulance with the complainant while Officer Conner exhibited the defendant. However, since the defendant failed to advance this argument at the *Wade* hearing, his present contention is unpreserved for appellate review *(see,* CPL 470.05 [2]; *People v Gonzalez,* 55 NY2d 887, 888; *People v Tutt,* 38 NY2d 1011). In any event, a showup procedure which is less than ideal may be acceptable in the interest of a prompt identification *(People v Duuvon,* 77 NY2d 541; *People v Love,* 57 NY2d 1023; *People v Slade,* 174 AD2d 639), and the record discloses that the showup was conducted in close spatial and temporal proximity to the offense and to the subsequent apprehension of the defendant. Under these circumstances, we find that the People met their initial burden in establishing the reasonableness of the police conduct, and the lack of any undue suggestiveness *(see, People v Chipp,* 75 NY2d 327, 335, *cert denied* — US —, 111 S Ct 99; *People v Love, supra; People v Carbonaro,* 162 AD2d 459; *People v James,* 110 AD2d 1037). Moreover, it is the defendant who bears the ultimate burden of proving that the identification procedure was unduly suggestive *(see, People v Chipp, supra),* and at bar the defendant offered no proof of any

unduly suggestive police conduct *(see, People v Slade, supra).* Accordingly, suppression of the complainant's identification testimony was properly denied.

Further, contrary to the defendant's contention, the Supreme Court did not improvidently exercise its discretion in proceeding to trial in his absence. The record reveals that after the People moved the case to trial on June 24, 1988, the court advised the defendant of his right to be present at trial, as well as of the consequences of failing to appear for trial *(see, People v Parker,* 57 NY2d 136, 140). Despite the court's warnings, the defendant did not appear for the scheduled commencement of trial. The court conducted a hearing to determine whether the defendant's absence from trial was voluntary, and the prosecution established that reasonable efforts to locate the defendant were made, but proved unsuccessful. Under these circumstances, the defendant knowingly, voluntarily and intelligently waived his right to be present at trial *(see, People v Parker, supra; People v Nance,* 175 AD2d 185; *People v Davenport,* 173 AD2d 633).

The defendant's sentence was neither unduly harsh nor excessive *(see, People v Suitte,* 90 AD2d 80).

We have considered the defendant's remaining contentions, and find that they are either unpreserved for appellate review or without merit. Kunzeman, J. P., Sullivan, Eiber and Ritter, JJ., concur.