■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v

ROBERT T. FINK, Appellant. [606 NYS2d 400] —White, J. Appeal from a judgment of the County Court of Albany County (Keegan, J.), rendered November 16, 1992, upon a verdict convicting defendant of the crime of criminal sale of a controlled substance in the fifth degree.

Defendant's conviction after a jury trial stems from a narcotics buy-and-bust operation which took place in the Town of Coeymans, Albany County. During the course of its deliberations, the jury presented a note to County Court requesting it, *inter alia,* to reread the portion of its charge defining the "sale of drugs". County Court followed the procedure set forth in *People v O'Rama* (78 NY2d 270) and proceeded to provide the jury with the information it requested. A juror then asked that another portion of the charge be reread. In response to the court's inquiry if they had an objection, the District Attorney replied "no" while defense counsel did not respond. The court then reread the portion of the charge the juror had requested and, in response to a further question, reread the definition of "sale". After the jury had returned to the jury room, defense counsel interposed an objection and unsuccessfully moved for a mistrial.

Defendant contends on this appeal that County Court erred in responding to the jury's oral questions without first affording his counsel an opportunity to participate in the formulation of the court's responses. We note that this issue has not been preserved for appeal due to defendant's failure to interpose a timely objection to the procedure followed by County Court and its responses to the jury *(see, People v Nevins,* 178 AD2d 107, *lv denied* 79 NY2d 922; *compare, People v DeRosario,* 81 NY2d 801, 803). Inasmuch as defendant could not have been prejudiced by County Court's mere reiteration of a portion of its charge which correctly recited the law, we decline to exercise our discretion to reverse on this issue in the interest of justice *(see,* CPL 470.15 [6] [a]). Accordingly, we affirm.

Weiss, P. J., Cardona, Mahoney and Casey, JJ., concur. Ordered that the judgment is affirmed.