■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHNNIE R. LANE, Appellant. [635 NYS2d 573] —Judgment unanimously modified on the law and as modified affirmed in accordance with the following Memorandum: We reject the contention that defendant was coerced into rejecting the plea offer by Supreme Court's mistaken calculation of the maximum sentence he could receive after trial (see, People v Bradley, 184 AD2d 1041, lv denied 80 NY2d 927). The contention that the court failed to provide "meaningful notice" of the jury's requests for further information and instruction (see, CPL 310.30) has not been preserved for our review (see, CPL 470.05 [2]; People v DeRosario, 81 NY2d 801, 803; People v Fink, 199 AD2d 855, lv denied 83 NY2d 852), and we decline to exercise our power to address it as a matter of discretion in the interest of justice (see, CPL 470.15 [6] [a]). The court properly deter-

mined that defendant's arrest was supported by probable cause *(see, People v Rivera,* 210 AD2d 895) and properly denied the motion to suppress defendant's statements to the police. The sentence imposed is not unduly harsh or severe.

The sentence must be modified, however, because the sentencing court erred in imposing consecutive sentences on the conviction of three counts of criminal possession of a weapon in the second degree (Penal Law § 265.03) arising out of the incident at Tomatoes Pizzeria *(see, People v Murphy,* 115 AD2d 249, *lv denied* 67 NY2d 887). We modify the sentence, therefore, by directing that the sentences imposed on counts 19, 20 and 21 of the indictment run concurrently *(see,* Penal Law § 70.25 [2]). (Appeal from Judgment of Supreme Court, Erie County, Doyle, J.—Murder, 2nd Degree.) Present—Green, J. P., Pine, Fallon, Callahan and Davis, JJ.