■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NICHOLAS A. SCIALDONE, Appellant. [644 NYS2d 373] —Crew III, J.

On July 24, 1994 defendant, following his arraignment on a felony complaint accusing him of, *inter alia*, three counts of criminal sale of a controlled substance in the third degree, was committed to the custody of the Sheriff in lieu of $500,000 bail. Thereafter, defendant and 11 others were indicted and charged with conspiracy in the fourth degree. Additionally, defendant was charged in 32 counts of that indictment with, *inter alia*, 26 counts of criminal sale of a controlled substance in the third degree, a class B felony. Upon defendant's arraignment on the indictment, defense counsel advised County Court that defendant, defense counsel and the District Attorney had signed a proffer agreement wherein the District Attorney consented to a reduction of bail to $75,000 in exchange for defendant's cooperation in connection with the investigation leading to the instant indictment and any related investigations and, additionally, at the appropriate time, the District Attorney would give defendant consideration concerning disposition of the charges against him by reason of such cooperation.[1]

Following the aforesaid arraignment, counsel for defendant apparently inquired of the District Attorney what his position would be regarding a plea and sentence in the event that defendant cooperated with the authorities, and counsel was advised that defendant would be permitted to plead to one count of criminal sale of a controlled substance in the third degree with an indeterminate prison sentence of 8 to 24 years. Counsel for defendant found this position to be particularly harsh and the District Attorney, after further consideration, indicated a willingness to recommend a sentence of 7 to 21 years. Continu-

---

1. There appears to be no serious dispute that defendant did, in fact, cooperate with law enforcement officials.

ing to find the District Attorney's plea offer as unreasonable, defense counsel moved for specific performance of the "cooperation and plea agreement", which motion was denied. Following defendant's plea to one count of criminal sale of a controlled substance in the third degree and his sentence thereon of 8 to 24 years, this appeal ensued.

We affirm. Contrary to defendant's assertion, there was never placed upon the record a plea agreement susceptible of specific performance (*see, Matter of Benjamin S.*, 55 NY2d 116). Defendant agreed to cooperate with the authorities in consideration of bail reduction, and the District Attorney acknowledged that he would consider such cooperation in determining his recommended disposition of the charges. The fact that defendant and his attorney did not perceive that the District Attorney gave sufficient consideration to defendant's cooperation is of no moment, inasmuch as the District Attorney never committed to any specific and, therefore, enforceable plea agreement.[2]

Mikoll, J. P., Yesawich Jr. and Peters, JJ., concur. Ordered that the judgment is affirmed.

---

2. Defendant, in fact, received a bail reduction in consideration of his agreement to cooperate and it is clear that the District Attorney was not unmindful of defendant's cooperation, having permitted him to plead to one count in satisfaction of a 32-count indictment, thus enabling defendant to avoid the risk of consecutive sentences.