THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v REYNALDO QUILES, Appellant. [644 NYS2d 712]

The trial court's colloquy with a juror was not an abuse of discretion in this idiosyncratic situation (*People v O'Rama*, 78 NY2d 270, 278). The juror's oral question concerned the identical issue that had been raised in a written request for supplemental instructions, upon which counsel had already argued twice. The subsequent oral question did not raise any new matter, and, under the circumstances, it was appropriate for the trial court to answer that question, in accordance with the response it had already given, after full input from counsel, without first asking counsel to participate once again in the formulation of the response (*see, People v Nevins*, 178 AD2d 107, *lv denied* 79 NY2d 922).

There is no merit to defendant's claim that the trial court's supplemental charges were confusing or misleading. The court's instructions, taken as a whole, correctly stated the law, and highlighted the distinctions between murder in the second degree and manslaughter in the second degree, both of which had been charged. Concur—Ellerin, J. P., Rubin, Kupferman, Williams and Mazzarelli, JJ.