■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONALD CAJIGAS, Appellant. [660 NYS2d 28] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Kramer, J.), rendered April 24, 1987, convicting him of criminal sale of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The trial court properly exercised its discretion in determining that the defendant should be tried in absentia. The defendant was given, and acknowledged his understanding of, *Parker* warnings at the commencement of the trial (*see, People v Parker,* 57 NY2d 136). The defendant also signed a statement embodying the *Parker* warnings. When the defendant failed to appear the following morning, his counsel being unaware of his client's whereabouts, the court adjourned the matter for the People to investigate. The next day, when the defendant still failed to appear, the court heard testimony relating to the People's efforts to locate the defendant. The court concluded that the defendant had voluntarily absented himself from the trial, therefore waiving his right to be present, and that the trial would proceed in his absence (*see, People v Parker, supra; People v Roe,* 196 AD2d 899; *People v Davenport,* 173 AD2d 633, *lv denied* 78 NY2d 1010, *cert denied* 502 US 1106).

The defendant's claim that the trial court deprived his counsel of an opportunity to be heard before the court responded to the jury's oral requests for further instructions is unpreserved for appellate review (*see,* CPL 470.05 [2]; *People v Starling,* 85 NY2d 509; *People v Stewart,* 81 NY2d 877, 878-879; *People v Rivera,* 233 AD2d 344; *People v Nevins,* 178 AD2d 107, 108; *cf., People v DeRosario,* 81 NY2d 801). Additionally, to the extent that the defendant objected to the court's use of certain examples to illustrate legal principles, we find that the charge, in its entirety, conveyed the appropriate legal standards, did not engender confusion, and was not unbalanced (*see, People v Wise,* 204 AD2d 133; *People v Evans,* 192 AD2d 337).

The defendant's claim that the identification charge was inadequate is unpreserved for appellate review (*see,* CPL 470.05 [2]; *People v Felix,* 207 AD2d 729), and insofar as the claim is directed to the charge on the burden of proof with respect to identity, it is without merit.

Finally, the sentence imposed was not excessive (*see, People v Suitte,* 90 AD2d 80). Miller, J. P., Joy, Goldstein and Florio, JJ., concur.