■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHARIF M. ABDULLAH, Appellant. [813 NYS2d 805]—

Lahtinen, J. Appeals (1) from a judgment of the County Court of Broome County (Mathews, J.), rendered December 1, 2003, upon a verdict convicting defendant of the crimes of assault in the second degree, criminal possession of a weapon in the second degree and criminal possession of a weapon in the third degree, and (2) by permission, from an order of said court, entered December 16, 2004, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment of conviction, without a hearing.

After an incident between defendant and the victim in the bathroom of a bar in the City of Binghamton, Broome County, the victim exited the rear of the establishment to smoke marihuana with another individual. Shortly thereafter, defendant walked out the back door and confronted the victim. A brief verbal exchange ensued and then defendant allegedly

pulled a handgun and shot at the victim three times, hitting him twice. The victim survived and gave police information that assisted in leading to defendant's arrest. He was indicted for the crimes of attempted murder in the second degree, assault in the second degree, criminal possession of a weapon in the second degree and criminal possession of a weapon in the third degree. A jury acquitted him of the attempted murder charge, but found him guilty of the remaining three charges. He was sentenced as a second violent felony offender to an aggregate prison term of 13 years, followed by five years of postrelease supervision. Defendant's subsequent CPL 440.10 motion was denied without a hearing. Defendant appeals from the judgment of conviction and, by permission, from the denial of his CPL 440.10 motion.

We are unpersuaded by defendant's argument that his statutory right to be present at sidebar questioning of prospective jurors was violated. A defendant has the right to be present at every material stage of a trial, including ancillary matters such as questioning prospective jurors at sidebar regarding bias, hostility or predisposition (*see People v Velasquez,* 1 NY3d 44, 47 [2003]; *People v Antommarchi,* 80 NY2d 247, 250 [1992]). That right may, however, be voluntarily waived by a defendant or the defendant's attorney (*see People v Velasquez, supra* at 47-48; *People v Vargas,* 88 NY2d 363, 376 [1996]). Here, at the beginning of the questioning of prospective jurors, County Court stated that defendant was entitled to be present at all sidebar conferences. Shortly thereafter, as the first questioning of jurors at sidebar was about to commence, County Court asked whether defendant desired to be present at sidebar and defense counsel answered "no." This constituted an express waiver of defendant's *Antommarchi* rights (*see People v Keen,* 94 NY2d 533, 538-539 [2000]; *People v Lawrence,* 1 AD3d 625, 626 [2003], *lv denied* 1 NY3d 630 [2004]; *cf. People v McAdams,* 22 AD3d 885, 885 [2005] ["Neither defendant nor defense counsel expressly waived defendant's right to be present at sidebar conferences"]).

Defendant next contends that County Court erred in permitting evidence of an uncharged crime. Evidence of a prior uncharged crime is not admissible unless the evidence falls within a *Molineux* exception and its probative value outweighs the danger of undue prejudice (*see People v Rojas,* 97 NY2d 32, 36-37 [2001]; *People v De Vito,* 21 AD3d 696, 699 [2005]; *People v Higgins,* 12 AD3d 775, 777-778 [2004], *lv denied* 4 NY3d 764 [2005]). Here, the People sought to introduce evidence that the victim entered the bathroom at the bar and saw defendant engaged in a drug transaction with another individual. The victim told defendant to shut the door of the area where the

transaction was occurring and, shortly thereafter, defendant, upset about the victim's conduct in the bathroom, confronted the victim in the parking lot behind the bar. County Court found this evidence relevant to, among other things, the issue of motive. After weighing the probative value against the prejudicial effect, the court ruled at the *Ventimiglia* hearing that the evidence would be allowed at trial, but instructed the prosecutor to limit the proof to these narrow facts and avoid any mention of ongoing drug transactions or turf wars involving defendant and the victim. The evidence was germane to establishing a motive for defendant's conduct, and the court limited the proof and gave appropriate instructions to the jury (*see People v Dann,* 14 AD3d 795, 797 [2005], *lv denied* 4 NY3d 885 [2005]). We are unpersuaded that County Court erred or abused its discretion in permitting the People to introduce this evidence (*see People v Gorham,* 17 AD3d 858, 860-861 [2005]).

Defendant's challenge to County Court's *Allen* charge was not preserved by a timely objection (*see People v Coleman,* 235 AD2d 928, 928 [1997], *lv denied* 89 NY2d 1033 [1997]) and, even if we were to consider the issue in the interest of justice, we would find that the court's charge, when considered in its entirety, was proper (*see People v Board,* 268 AD2d 795, 797 [2000], *lv denied* 96 NY2d 860 [2001]). The remaining arguments asserted in the direct appeal have been considered and found unpersuasive.

Lastly, with regard to the denial of defendant's CPL 440.10 motion, we agree with his appellate counsel that there are no nonfrivolous issues which can be raised on the appeal from that order and defendant's pro se arguments regarding said denial are subsumed by his direct appeal and, in any event, are meritless (*see People v Johnson,* 24 AD3d 967, 970 [2005]; *People v Mullings,* 23 AD3d 756, 759 [2005]).

Mercure, J.P., Peters, Carpinello and Mugglin, JJ., concur. Ordered that the judgment and order are affirmed, and application to be relieved of assignment on the appeal of the order denying defendant's CPL 440.10 motion granted.