■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TERRISINA L. JACKSON, Appellant. [860 NYS2d 673]—

Peters, J. Appeal from a judgment of the County Court of Broome County (Mathews, J.), rendered March 15, 2007, upon a verdict convicting defendant of the crimes of criminal possession of a controlled substance in the third degree (five counts), criminal possession of a controlled substance in the seventh degree (eight counts) and criminally using drug paraphernalia in the second degree (three counts).

Following a roadside search of a vehicle being operated by codefendant Stephanie L. Jackson in which defendant was a passenger, both were arrested and subsequently charged in a multicount indictment with various drug crimes. At the conclu-

sion of the ensuing jury trial, defendant was convicted of criminal possession of a controlled substance in the third degree (five counts), criminal possession of a controlled substance in the seventh degree (eight counts) and criminally using drug paraphernalia in the second degree (three counts). Defendant was thereafter sentenced, as a second felony offender, to an aggregate prison term of seven years and three years of postrelease supervision. Defendant now appeals.

We are unpersuaded by defendant's argument that her right to be present at sidebar questioning of prospective jurors was violated. While a defendant's right to be present at every material stage of a trial is well established (*see e.g. People v Roman*, 88 NY2d 18, 26 [1996]; *People v Abdullah*, 28 AD3d 940, 941 [2006], *lv denied* 7 NY3d 784 [2006]), this right may be waived through a voluntary, knowing and intelligent choice (*see People v Velasquez*, 1 NY3d 44, 47 [2003]; *People v Beverly*, 6 AD3d 874, 875 [2004], *lv denied* 3 NY3d 637 [2004]; *People v Pochily*, 255 AD2d 695, 696 [1998], *lv denied* 93 NY2d 856 [1999]). We find such waiver here. Prior to commencement of jury selection, County Court twice advised defendant that she had "the absolute right" to attend all sidebar conferences, including those involving the questioning of potential jurors. The court further instructed defendant and her counsel that if defendant did not come up to the bench when the attorneys were called for sidebar discussions, it would assume that she discussed the issue with counsel and made a willing decision to waive her right to be present for such sidebars. When asked if she understood, defendant answered in the affirmative. In light of the "flexible [approach] regarding the acceptable form of voluntary waivers" of statutory rights such as this (*People v Vargas*, 88 NY2d 363, 376 [1996]), we find that defendant's decision to not attend any of the sidebar colloquies after being fully informed of the right to be present, as well as her failure to object to her absence therefrom, constitutes a valid waiver (*see People v Keen*, 94 NY2d 533, 538-539 [2000]; *People v McHerrin*, 19 AD3d 1166, 1166 [2005], *lv denied* 5 NY3d 808 [2005]; *People v Harris*, 304 AD2d 848, 850 [2003], *lv denied* 100 NY2d 582 [2003]).

Next, defendant contends that County Court violated CPL 310.30 when it responded to a juror's oral question during deliberations without affording defense counsel an opportunity to suggest an appropriate response. During the course of deliberations, the jury submitted a written request to County Court seeking reinstruction on certain legal concepts. After the court furnished these definitions, the foreperson orally asked the court if it could "amplify the legal definition of dominion."

County Court immediately responded by rereading the relevant portion of the charge to the jury. Initially, having failed to interpose an objection to the court's procedure and its response to the juror's oral inquiry, defendant's claim of error has not been preserved for our review (*see People v Stewart*, 81 NY2d 877, 878-879 [1993]; *People v Fink*, 199 AD2d 855, 856 [1993], *lv denied* 83 NY2d 852 [1994]; *People v Nevins*, 178 AD2d 107, 108 [1991], *lv denied* 79 NY2d 922 [1992]; *cf. People v DeRosario*, 81 NY2d 801, 802-803 [1993]). Furthermore, the foreperson's oral question concerned an identical issue that had been raised in the jury's written request for supplemental instructions, and County Court simply reread the "dominion and control" portion of the instruction that it had given only moments earlier in response to the written inquiry. Under these circumstances, we decline to exercise our interest of justice jurisdiction with respect to this issue inasmuch as "defendant could not have been prejudiced by County Court's mere reiteration of a portion of its charge which correctly recited the law" (*People v Fink*, 199 AD2d at 856; *see People v Quiles*, 228 AD2d 342 [1996], *lv denied* 88 NY2d 1071 [1996]).

Defendant's remaining contention, that County Court abused its discretion in allowing certain expert testimony, is also unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Tarver*, 292 AD2d 110, 114-115 [2002], *lv denied* 98 NY2d 702 [2002]).

Mercure, J.P., Carpinello, Rose and Kavanagh, JJ., concur. Ordered that the judgment is affirmed.