■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES A. STEVENS, Appellant. [883 NYS2d 369]—

Garry, J. Appeals (1) from a judgment of the County Court of Sullivan County (LaBuda, J.), rendered October 23, 2007, convicting defendant upon his plea of guilty of the crimes of rape in the first degree (four counts), sodomy in the first degree (four counts), course of sexual conduct against a child in the first degree (two counts), and predatory sexual assault against a child, (2) from a judgment of said court, rendered January 3, 2008, resentencing defendant following his conviction of the crime of course of sexual conduct against a child in the first degree, and (3) by permission, from an order of said court, entered July 7, 2008, which denied defendant's motion pursuant to CPL 440.20 to set aside the sentences.

In March 2007, defendant was interviewed by law enforcement officers in connection with an alleged course of sexual abuse of a teenaged victim occurring over the period of three years, from 2000 through 2003, and a course of sexual abuse of a second, younger teenaged victim occurring over the period of the three subsequent years from 2004 through 2007. Defendant confessed to engaging in sexual conduct with both victims in an audiotaped and written statement. Initially, he waived indictment and allegedly decided to accept a plea proposal negotiated by his attorney that included a 15-year sentencing agreement. However, after consulting with a second attorney, defendant rejected the plea proposal and subsequently retained the second attorney.

In May 2007, defendant was indicted on 142 counts of crimes relating to the first victim and, shortly thereafter, on 10 counts of crimes relating to the second victim. Defendant ultimately pleaded guilty upon the first indictment to four counts of rape in the first degree and four counts of sodomy in the first degree and, upon the second indictment, to two counts of course of sexual conduct against a child in the first degree and one count of predatory sexual assault against a child. During his plea allocution, defendant waived the right to appeal and also signed a written waiver subscribed by both him and his counsel. He was sentenced to a prison term of 25 years on each count, to run concurrently, with five years of postrelease supervision on the first 10 counts and postrelease supervision for life on the final charge of predatory sexual assault against a child. In the

resentencing proceeding, the predatory sexual assault conviction was reduced to course of sexual conduct against a child in the first degree, and he was sentenced to 25 years, to run concurrently with the existing sentences. Defendant then moved pursuant to CPL article 440 alleging ineffective assistance of counsel, which County Court denied upon the parties' submissions without a hearing. He now appeals from the judgments of conviction and, by permission, from the order denying the CPL article 440 motion.

Defendant does not contest the validity of his waiver of the right to appeal, concentrating instead on County Court's denial of his CPL article 440 motion. The People contend that the waiver of the right to appeal bars consideration of his claims because, in their view, defendant's waiver included the right to make postconviction motions. This argument was not raised before County Court. Further, the record does not show that defendant was advised that his waiver of the right to appeal included postconviction remedies or that such a waiver was contemplated by the People or the court. Instead, at sentencing, County Court directly advised defendant that he could make a CPL article 440 motion after sentencing, and the People concurred. We therefore decline to find that defendant waived the right to make postconviction motions (*cf. People v Morton*, 56 AD3d 1054, 1055 [2008], *lv denied* 12 NY3d 761 [2009]; *People v Evans*, 27 AD3d 905, 905-906 [2006], *lv denied* 6 NY3d 847 [2006]).

Defendant did not state which specific provision of CPL article 440 he was proceeding under, but sought to be resentenced to 15 years. This request is based upon the allegation that he received ineffective assistance of counsel in that his second attorney advised him to reject the initial plea offer as he could "beat this case" by engaging in a course of conduct to bribe the two young witnesses so as to prevent them from testifying. County Court treated the motion as one to vacate the sentence and denied the motion without a hearing on two grounds. The court found, first, that defendant had not sufficiently supported his claim with affidavits from persons with knowledge, other than his own self-serving affidavit and an affidavit of his motion counsel containing hearsay allegations* (*see* CPL 440.30 [4] [d];

---

\* Defendant was not required to provide an affidavit from the attorney whose representation was alleged to be ineffective (*see People v Radcliffe*, 298 AD2d 533, 534 [2002]), but he neither provided affidavits from witnesses who allegedly could have substantiated some of his claims, such as his son, his wife, and an attorney who allegedly overheard incriminating information, nor explained his failure to do so. He argues that the evidence was nonetheless

*(n. cont'd)*

*People v Woodard*, 23 AD3d 771, 772 [2005], *lv denied* 6 NY3d 782 [2006]). The court further found that defendant had no basis for a claim of ineffective assistance arising out of his rejection of the initial plea offer because he was still represented by his first attorney when he did so, and he did not retain the attorney whose representation was allegedly ineffective until after the initial offer had been rejected and withdrawn (*see* CPL 440.30 [4] [a]).

Defendant's application is wholly without merit. In effect, he seeks to reinstate the initial plea offer. He is not entitled to that relief. Specific performance of the previous offer is unavailable because it was never placed upon the record or approved by County Court (*see People v Huertas*, 85 NY2d 898 [1995]; *People v Scialdone*, 228 AD2d 807, 808 [1996], *lv denied* 89 NY2d 929 [1996]). Having rejected the initial plea, he cannot demonstrate any reliance thereon (*see People v Anderson*, 270 AD2d 509, 510-511 [2000], *lv denied* 95 NY2d 792 [2000]; *People v Hamilton*, 192 AD2d 738, 740 [1993]; *People v Simmons*, 190 AD2d 911, 912 [1993]). Finally, as defendant admits to being fully complicit in an alleged illegal scheme, he is clearly not entitled to specific performance of the initial plea agreement "as a matter of essential fairness" (*People v McConnell*, 49 NY2d 340, 349 [1980]; *see People v Augustine*, 265 AD2d 671, 672 [1999]). The record reveals that defendant was fully and properly apprised of his legal position by his first counsel, who had negotiated the favorable proposal on his behalf and who was still his counsel of record when he rejected it. Defendant's choice to reject this advice and instead engage in an obviously wrongful course of conduct cannot be rewarded. Though he alleges that his second attorney led him into this misconduct, no legal education was required to understand that bribing these two young victims in an effort to avoid their testimony was criminal conduct directly designed to undermine the legal process. His admitted participation in this scheme bars the requested relief, and County Court properly denied his motion.

Finally, the claim for coram nobis relief is denied. The issues that defendant raises were addressed within the context of the CPL article 440 application, and the alleged inadequate representation did not take place at the appellate level (*see People v Bachert*, 69 NY2d 593, 599-600 [1987]).

---

sufficient to require a hearing because some of his allegations were supported, in part, by certain statements in the People's opposition to his motion. No hearing was required on this basis in view of County Court's second finding that even if defendant's allegations were true, they would not give rise to a claim of ineffective assistance of counsel.

Cardona, P.J., Rose and McCarthy, JJ., concur. Ordered that the judgments and order are affirmed.