# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**863**

**KA 12-00144**

PRESENT: SMITH, J.P., PERADOTTO, SCONIERS, VALENTINO, AND DEJOSEPH, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                              MEMORANDUM AND ORDER

RUBEN JOSE BURGOS, DEFENDANT-APPELLANT.

---

FRANK J. NEBUSH, JR., PUBLIC DEFENDER, UTICA (PATRICK J. MARTHAGE OF COUNSEL), FOR DEFENDANT-APPELLANT.

SCOTT D. MCNAMARA, DISTRICT ATTORNEY, UTICA (STEVEN G. COX OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Oneida County Court (Michael L. Dwyer, J.), rendered November 23, 2011. The judgment convicted defendant, upon a jury verdict, of criminal contempt in the first degree (three counts) and aggravated harassment in the second degree (three counts).

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of three counts each of criminal contempt in the first degree (Penal Law § 215.51 [b] [iii]) and aggravated harassment in the second degree (§ 240.30 [1] [a]). Defendant contends that his rejection of the plea offer was not voluntary, knowing, and intelligent because County Court misinformed him of the maximum sentence he could receive after trial. While we agree with defendant that the court's statement concerning his maximum sentencing exposure was erroneous, the record does not support his contention that reversal of the judgment of conviction is required (*see People v Lane*, 221 AD2d 948, 948, *lv denied* 87 NY2d 975, *cert denied* 519 US 829). Rather, the issue whether defendant would have accepted the plea offer absent the court's erroneous statement must be raised in a proceeding pursuant to CPL article 440, "wherein a record focused on this issue may be developed" (*People v Surowka*, 103 AD3d 985, 986; *see e.g. People v Ross*, 123 AD3d 454, 454; *see also Matter of Dong Chong v Annucci*, 50 AD3d 1331, 1332).

We reject defendant's further contention that his sentence is

unduly harsh and severe.

Entered:  July 2, 2015                    Frances E. Cafarell
                                          Clerk of the Court