■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH KALINA, Appellant. [52 NYS3d 523]—

Egan Jr., J. Appeal from a judgment of the County Court of Sullivan County (LaBuda, J.), rendered July 15, 2014, upon a verdict convicting defendant of the crimes of predatory sexual assault against a child and incest in the first degree.

In November 2013, defendant was indicted and charged with predatory sexual assault against a child and incest in the first degree. The charges stemmed from allegations that defendant,

while being 18 years old or more, engaged in oral sex with his half sister (hereinafter the victim) on numerous occasions when the victim was less than 13 years old. Following a jury trial, defendant was convicted as charged, and County Court thereafter sentenced defendant to a prison term of 25 years to life upon his conviction of predatory sexual assault and imposed a concurrent prison term of five years plus five years of postrelease supervision upon his conviction of incest in the first degree. Defendant now appeals.

Defendant initially contends that the verdict was not supported by legally sufficient evidence and, further, was against the weight of the evidence. Specifically, defendant asserts that the People failed to establish both his familial relationship with the victim and their respective ages at the time of the alleged offenses. Defendant further argues that the victim was not a credible witness and, therefore, the convictions cannot stand. We disagree.

As relevant here, "[a] person is guilty of predatory sexual assault against a child when, being [18] years old or more, he or she commits the crime of . . . course of sexual conduct against a child in the first degree . . . , and the victim is less than [13] years old" (Penal Law § 130.96). In this regard, "[a] person is guilty of course of sexual conduct against a child in the first degree when, over a period of time not less than three months in duration . . . he or she, being [18] years old or more, engages in two or more acts of sexual conduct, which include at least one act of . . . oral sexual conduct . . . , with a child less than [13] years old" (Penal Law § 130.75 [1] [b]). Oral sexual conduct, in turn, includes "contact between the mouth and the penis" (Penal Law § 130.00 [2] [a]).

A person is guilty of incest in the first degree when, insofar as is relevant here, "he or she commits the crime of . . . criminal sexual act in the first degree . . . against a person whom he or she knows to be related to him or her . . . as a[ ] . . . brother or sister of either the whole or half blood" (Penal Law § 255.27). A person commits the crime of criminal sexual act in the first degree when he or she, among other things, "engages in oral sexual conduct . . . with another person . . . [w]ho is less than [13] years old and the actor is [18] years old or more" (Penal Law § 130.50 [4]). Consistent with the provisions of Penal Law § 255.30 (2), "[a] person shall not be convicted of incest . . . solely upon the testimony of the other party unsupported by other evidence tending to establish . . . that the defendant was a relative of the other party."

Defendant's primary argument—that the People failed to es-

tablish both his familial relationship to the victim and their respective ages at the time of the alleged incidents—is entirely lacking in merit. The victim testified that defendant is her half brother, and defendant readily admitted in his written statement, which was entered into evidence at trial, that the victim is his half sister. Defendant's written statement also bears his date of birth (revealing that he was born in 1988) and establishes that the last of the approximately five or seven occasions upon which he admittedly engaged in sexual conduct with the victim occurred in August 2008 or September 2008—a point in time when defendant clearly was 18 years old or more. The victim, in turn, testified that she turned nine years old in November 2006* (at which point defendant would have been 18 years old) and that the sexual conduct to which defendant subjected her occurred on multiple occasions between the time that she was nine years old and 12 years old. Such testimony, in our view, was more than sufficient to establish the age requirements of and the familial relationship between defendant and the victim for purposes of the charged crimes.

As to the balance of defendant's challenge to the verdict rendered, defendant essentially contends that the victim's testimony was too vague and/or inconsistent to be worthy of belief. Again, we disagree. As a starting point, the mere fact that the victim, who was relatively young when defendant began subjecting her to oral sexual conduct, could not precisely recall the dates or times when that conduct occurred or what defendant was wearing on a particular occasion does not warrant setting aside the verdict as against the weight of the evidence (*see People v Monroe*, 134 AD3d 1138, 1140 [2015]). The victim established a temporal range during which the conduct occurred, and her testimony was clear as to the specific acts to which defendant—on multiple occasions—subjected her. Although the victim admitted that she initially failed to disclose and/or denied that defendant abused her, she explained the circumstances surrounding her actions in this regard, and her credibility was fully vetted by defense counsel on cross-examination (*see id.* at 1140; *People v Brown*, 114 AD3d 1017, 1018-1019 [2014]). In short, upon reviewing the victim's testimony and defendant's written statement, we are satisfied that the verdict is supported by legally sufficient evidence and, further, is in accord with the weight of the evidence.

With respect to County Court's *Molineux* ruling, which

---

* This testimony establishes that the victim was born in November 1997, which is entirely consistent with defendant's acknowledgment that, as of the date of his May 2013 written statement, the victim was 15 years old.

permitted the People to offer evidence that the sexual conduct between the victim and defendant first occurred in 2002 in New Jersey, we agree that, under the particular facts of this case, these uncharged crimes did not fall within one of the recognized *Molineux* exceptions (*see e.g. People v Nicholas*, 130 AD3d 1314, 1316 [2015]) and, in any event, that the probative value of such evidence was outweighed by its prejudicial effect (*see People v Scaringe*, 137 AD3d 1409, 1417 [2016], *lv denied* 28 NY3d 936 [2016]; *People v Brown*, 114 AD3d at 1019-1020). That said, in light of the victim's testimony and defendant's written statement, we conclude that County Court's error in this regard was harmless (*see People v Scaringe*, 137 AD3d at 1417). Defendant's challenge to the People's opening statement is equally unavailing, as the People provided a narrative of the underlying charges and the proof that would be submitted in support thereof (*see People v Manchester*, 123 AD3d 1285, 1288 [2014], *lv denied* 26 NY3d 931 [2015]), and the prosecutor's isolated comment that the jury should "pay particular attention" to how the victim was treated on the stand during cross-examination by defense counsel, while improper, did not operate to deprive defendant of a fair trial (*see e.g. People v Guay*, 72 AD3d 1201, 1203-1204 [2010], *affd* 18 NY3d 16 [2011]).

We also find no merit to defendant's ineffective assistance of counsel claim. "To prevail on such a claim, defendant must demonstrate both that his attorney failed to provide meaningful representation and the absence of strategic or other legitimate explanations for counsel's allegedly deficient conduct" (*People v Bullock*, 145 AD3d 1104, 1106 [2016] [internal quotation marks, brackets, ellipsis and citations omitted]). "The test is reasonable competence, not perfect representation" (*People v Oathout*, 21 NY3d 127, 128 [2013] [internal quotation marks and citation omitted]), and "[s]o long as the evidence, the law, and the circumstances of a particular case, viewed in totality and as of the time of the representation, reveal that the attorney provided meaningful representation, the constitutional requirement will have been met" (*People v Fiorino*, 130 AD3d 1376, 1381 [2015] [internal quotation marks and citations omitted], *lv denied* 26 NY3d 1087 [2015]). Here, the record reflects that defense counsel engaged in appropriate motion practice, articulated cogent opening and closing statements, fully explored the victim's credibility on cross-examination and, when warranted, made viable evidentiary objections. Under these circumstances, we are satisfied that defendant received meaningful representation.

Finally, we find no merit to defendant's claim that the

sentence imposed was harsh and excessive. "A sentence which falls within the statutory parameters will not be disturbed on appeal absent evidence of a clear abuse of discretion or the existence of extraordinary circumstances" (*People v Lancaster*, 143 AD3d 1046, 1054 [2016] [internal quotation marks and citations omitted], *lv denied* 28 NY3d 1147 [2017]). Defendant's abuse of the victim, who was his half sister, spanned a number of years and, in his written statement, defendant attempted to portray his young and vulnerable victim as the one who initiated the sexual activity that occurred between them. Despite subsequently acknowledging that he had been convicted of what County Court appropriately characterized as "immoral, heinous[ ] [and] animalistic" acts that were "illegal in all civilized societies," defendant showed no remorse for his conduct. Under these circumstances, County Court did not abuse its discretion in imposing the maximum permissible sentence, and we find no extraordinary circumstances warranting a reduction of that sentence in the interest of justice. Defendant's remaining contentions, to the extent not specifically addressed, have been examined and found to be lacking in merit.

McCarthy, J.P., Lynch, Devine and Clark, JJ., concur. Ordered that the judgment is affirmed.

