■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEVI C. MALLOY, Appellant. [60 NYS3d 515]—

.Egan Jr., J. Appeals (1) from a judgment of the Supreme Court (Breslin, J.), rendered September 3, 2014 in Albany County, upon a verdict convicting defendant of the crime of criminal possession of a weapon in the second degree, and (2) by permission, from an order of said court, entered March 1, 2016 in Albany County, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment of conviction, without a hearing.

During the early morning hours of October 25, 2013, a member of the City of Albany Police Department observed a vehicle operated by defendant make an illegal right-hand turn at a traffic light at the intersection of Morton Avenue and Delaware Avenue in the City of Albany. The officer initiated a traffic stop and, upon approaching the vehicle, detected the odor of marihuana and observed a couple of "burnt marihuana cigarettes in [the vehicle's] ashtray." A subsequent search of the vehicle revealed a .25 caliber handgun with a magazine containing six live rounds of ammunition. In January 2014, defendant was indicted and charged with one count of criminal possession of a weapon in the second degree. Following unsuccessful suppression motions, a jury trial ensued, at the conclusion of which defendant was convicted as charged. Defendant's motion to set aside the verdict was denied, as was his subsequent motion for renewal, and he was sentenced to a prison term of 15 years followed by five years of postrelease supervision. Defendant thereafter filed a CPL 440.10 motion seeking, among other things, specific performance of an alleged preindictment plea agreement. Supreme Court denied defendant's motion without a hearing, and these appeals ensued.

Defendant initially contends that he was denied the right to be present at sidebar conferences. We disagree. There is no question that "[a] defendant has the right to be present at every material stage of a trial, including ancillary matters such as questioning prospective jurors at sidebar regarding bias, hostility or predisposition" (*People v Abdullah*, 28 AD3d 940, 941 [2006], *lvs denied* 7 NY3d 784 [2006]; *see People v Antommarchi*, 80 NY2d 247, 250 [1992]). It is equally clear, however, that such right may "be voluntarily waived by a defendant or the defendant's attorney" (*People v Abdullah*, 28 AD3d at 941; *see People v Burch*, 97 AD3d 987, 989 [2012], *lv denied* 19 NY3d 1101 [2012]; *People v Jackson*, 52 AD3d 1052, 1053 [2008], *lv denied* 11 NY3d 789 [2008]). Notably, a defend-

ant's waiver in this regard may be either express or implied (*see People v Flinn*, 22 NY3d 599, 601-602 [2014]; *People v Williams*, 15 NY3d 739, 740 [2010]; *People v Jackson*, 52 AD3d at 1053). Here, the record reflects that when Supreme Court inquired as to whether defendant would be attending sidebar colloquies, defense counsel, after conferring with defendant, indicated that defendant wished to defer making a decision—stating, "We'll have an answer on the [first day of trial]." Jury selection then proceeded without any further discussion of defendant's attendance at sidebar conferences and, thereafter, defendant neither invoked his right to be present at such conferences nor objected to his absence therefrom. Under these circumstances, we find that defendant, by his conduct and in the absence of any corresponding objection in this regard, waived his right to be present at sidebar conferences (*see People v Keen*, 94 NY2d 533, 539 [2000]; *People v Jackson*, 52 AD3d at 1053).

Defendant's claim of ineffective assistance of counsel is equally unavailing. The record reflects that, following his arraignment, defendant was represented by three separate attorneys. After defendant expressed dissatisfaction with the Public Defender initially assigned to him—claiming that she had "sold [him] out" and indicating that he alone would dictate when "the f. . . [she could] respond" to the court's inquiries—Supreme Court, citing an obvious breakdown in communication, indicated that it would assign the Alternate Public Defender's office to represent him. Representation by that office lasted approximately two months until defendant again claimed that counsel was "not working in [his] best interests." When defendant appeared for the *Sandoval/Ventimiglia* hearing with his third attorney, he informed Supreme Court that he "no longer want[ed] this man representing [him] because . . . he's not doing . . . his job as a lawyer"—a criticism that apparently stemmed from the fact that certain of defendant's suppression motions had proven to be unsuccessful. Defendant proceeded to trial with this particular attorney and now claims that counsel failed to provide him with meaningful representation.

As the case law reflects, "[a] defendant receives effective assistance of counsel so long as the evidence, the law, and the circumstances of a particular case, viewed in totality and as of the time of the representation, reveal that the attorney provided meaningful representation" (*People v Speaks*, 28 NY3d 990, 992 [2016] [internal quotation marks, brackets and citation omitted]; *see People v Kalina*, 149 AD3d 1264, 1267 [2017]).

Notably, "[t]he test is reasonable competence, not perfect representation" (*People v Kalina*, 149 AD3d at 1267 [internal quotation marks and citations omitted]). Here, trial counsel engaged in appropriate motion practice, articulated cogent opening and closing statements, fully cross-examined the People's witnesses, made appropriate requests to charge and, when there was a legal basis for doing so, raised appropriate evidentiary objections. Under these circumstances, we are satisfied that defendant received meaningful representation. Defendant's remaining arguments relative to the performance of the various attorneys who represented him in this matter amount to nothing more than a generalized dissatisfaction that certain rulings did not pan out in his favor, and it goes without saying that defense counsel, although obligated to zealously represent his or her client's interests, cannot be faulted for failing to achieve the defendant's desired outcome.

Finally, we find no merit to defendant's claim that the sentence imposed was harsh and excessive. "A sentence that falls within the permissible statutory range will not be disturbed unless it can be shown that the sentencing court abused its discretion or extraordinary circumstances exist warranting a modification" (*People v Ramos*, 133 AD3d 904, 908 [2015] [internal quotation marks and citations omitted], *lv denied* 26 NY3d 1149 [2016]). Further, "[t]he mere fact that a sentence imposed after trial is greater than that offered in connection with plea negotiations is not proof positive that defendant was punished for asserting his right to trial" (*People v Peart*, 141 AD3d 939, 942 [2016] [internal quotation marks and citations omitted], *lv denied* 28 NY3d 1074 [2016]). Given defendant's extensive criminal history, which included seven prior felony convictions, and his refusal to accept responsibility, we discern no basis upon which to disturb the sentence imposed. Defendant's assertion that Supreme Court displayed vindictiveness in imposing sentence is belied by the fact that the court, in an exercise of its discretion, elected to sentence defendant as a second felony offender instead of as a persistent felony offender (as requested by the People).

Turning to the CPL 440.10 motion, defendant argues that he was denied specific performance of an alleged pretrial plea agreement purportedly negotiated with various members of the Albany Police Department and an Assistant District Attorney. According to defendant, in exchange for turning in additional firearms, he was told that he would be allowed to plead guilty to a misdemeanor and receive a one-year sentence. Supreme Court denied the motion without a hearing finding, among

other things, that there was no record evidence of any such deal and, in any event, that defendant was not placed in a position of "no return" because the firearms allegedly relinquished upon his behalf did not form the basis for his conviction.

The case law makes clear that "off-the-record promises made in the plea bargaining process will not be recognized where they are flatly contradicted by the record, either by the existence of some on-the-record promise whose terms are inconsistent with those later urged or by the placement on the record of a statement by the pleading defendant that no other promises have been made to induce [the] guilty plea" (*Matter of Benjamin S.*, 55 NY2d 116, 120 [1982]; *see People v Crowell*, 130 AD3d 1362, 1363 [2015], *lv denied* 26 NY3d 1144 [2016], *cert denied* 580 US —, 137 S Ct 1333 [2017]; *People v Huertas*, 203 AD2d 952, 953 [1994], *affd* 85 NY2d 898 [1995]). Indeed, "once the terms of a plea bargaining agreement are placed on the record, judicial recognition of additional promises or terms . . . will not be forthcoming except in a rare case. Any other rule would serve only to undermine the goal of eliminating the secretiveness that has at times tended to surround the plea bargaining process" (*Matter of Benjamin S.*, 55 NY2d at 121).

Here, the record reflects that, on February 4, 2014, defendant was offered the opportunity to plead guilty to attempted criminal possession of a weapon in the second degree in exchange for a determinate sentence of no less than three years and no more than seven years—followed by five years of postrelease supervision—and a waiver of his right to appeal. Defendant unequivocally rejected that offer. Prior to the start of the suppression hearing on June 14, 2014, defense counsel advised the court that the People had once again extended that offer and, although stopping short of approving such offer, Supreme Court indicated its willingness to revisit the issue if defendant was interested in resolving the matter via a plea. Following a discussion regarding defendant's potential sentencing exposure, as well as his potential status as a persistent felony offender, defendant again rejected the offer—stating that he was only interested in accepting "the offer that they already presented"—an apparent reference to the off-the-record offer allegedly made shortly after he was arrested. The People subsequently extended one final plea offer on the morning of trial, which defendant again rejected.

Simply put, the alleged off-the-record misdemeanor plea deal that defendant now seeks to enforce is flatly contradicted by the on-the-record plea offers extended in February 2014 and on the morning of trial. Additionally, nothing in the record reflects

that the purported off-the-record agreement ever received judicial approval (*see People v Stevens*, 64 AD3d 1051, 1054 [2009], *lv denied* 13 NY3d 839 [2009]; *People v Anonymous*, 283 AD2d 233, 233 [2001], *lv denied* 96 NY2d 898 [2001]; *People v Huertas*, 203 AD2d at 953). Finally, we agree with Supreme Court that defendant was not placed in a position of "no return" by virtue of the alleged off-the-record offer (*see generally People v Sierra*, 85 AD3d 1659, 1659 [2011], *lv denied* 17 NY3d 905 [2011]). Accordingly, for all of these reasons, Supreme Court did not abuse its discretion in denying defendant's motion without a hearing. Defendant's remaining contentions, including those raised in his pro se brief, have been examined and found to be lacking in merit.

McCarthy, J.P., Garry, Devine and Clark, JJ., concur. Ordered that the judgment and order are affirmed.