People v Woods (2024 NY Slip Op 03606)

People v Woods

2024 NY Slip Op 03606

Decided on July 3, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 3, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., LINDLEY, OGDEN, NOWAK, AND DELCONTE, JJ.

275 KA 22-00772

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
CLIFFORD WOODS, DEFENDANT-APPELLANT.

FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (SARA A. GOLDFARB OF COUNSEL), FOR DEFENDANT-APPELLANT.
WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (ELISABETH DANNAN OF COUNSEL), FOR RESPONDENT.

Appeal from a judgment of the Supreme Court, Onondaga County (Gordon J. Cuffy, A.J.), rendered September 16, 2021. The judgment convicted defendant, upon a jury verdict, of attempted kidnapping in the second degree, stalking in the first degree, and forcible touching. 
It is hereby ORDERED that the judgment so appealed from is unanimously modified on the law by reversing those parts convicting defendant of attempted kidnapping in the second degree as a sexually motivated felony and forcible touching and dismissing counts 1 and 3 of the indictment, and as modified the judgment is affirmed.
Memorandum: Defendant appeals from a judgment convicting him, upon a jury verdict, of attempted kidnapping in the second degree as a sexually motivated felony (Penal Law §§ 110.00, 135.20, 130.91), stalking in the first degree (§ 120.60 [2]), and forcible touching (§ 130.52 [1]).
Defendant approached the victim while she was walking alone on a street. After a brief verbal encounter, defendant began to follow the victim, grabbing her buttocks and then restraining her before ultimately releasing her and walking away. Defendant was charged in a three-count indictment, and the case proceeded to a jury trial, one of the first to be conducted in Onondaga County after jury trials were suspended due to the COVID-19 pandemic. Microphones and other equipment were used to broadcast portions of the trial to an overflow room established for spectators to ensure that all persons were able to socially distance from one another.
Defendant contends that his constitutional right to consult his defense counsel in private was violated at his trial. Defendant asserts that, on at least one occasion, the monitor placed at the defense table malfunctioned in a way that may have permitted unknown listeners in the courthouse to covertly monitor confidential communications between defendant and his defense counsel without their knowledge. While it is true that "in a very narrow category of cases, [the Court of Appeals has] recognized so-called 'mode of proceedings' errors that go to the essential validity of the process and are so fundamental that the entire trial is irreparably tainted" (People v Kelly, 5 NY3d 116, 119-120 [2005]), here, in the absence of a fully developed record on the issue, we conclude that defendant's contentions "must be raised in a proceeding pursuant to CPL article 440, 'wherein a record focused on this issue may be developed' " (People v Burgos, 130 AD3d 1493, 1494 [4th Dept 2015]).
We agree with defendant, however, that the kidnapping merger doctrine applies and that the first count of the indictment must be dismissed. The merger doctrine is "a means of effectuating the Legislature's intent [to effectuate a statutory scheme presenting a range of offenses and penalties measured by the gravity of a defendant's conduct] by precluding additional kidnapping sanctions for conduct that, while literally falling within the definition of [*2]that crime, was not intended to be separately treated as kidnapping," such as "conduct that, in fairness, should result in a single conviction" (People v Gonzalez, 80 NY2d 146, 152 [1992]). The "guiding principle" of the merger doctrine inquiry is whether the acts of restraint or abduction were " 'so much the part of another substantive crime that the substantive crime could not have been committed without such acts and that independent criminal responsibility may not fairly be attributed to them' " (id. at 153, quoting People v Cassidy, 40 NY2d 763, 767 [1976]). Where the alleged "abduction and underlying crime are discrete, for example, there is no merger," but "where there is minimal asportation immediately preceding [the underlying crime], the abduction should not be considered kidnapping" (id.; see People v Hanley, 20 NY3d 601, 605-606 [2013]). Here, defendant's restraint of the victim was "simultaneous [with] and inseparable from" defendant's stalking and forcible touching of the victim (Gonzalez, 80 NY2d at 153), such that "independent criminal responsibility may not fairly be attributed" to the attempted kidnapping (id.; see People v James, 114 AD3d 1202, 1203-1204 [4th Dept 2014], lv denied 22 NY3d 1199 [2014]).
Finally, we conclude that, as charged (see People v Green, 56 NY2d 427, 430-431 [1982], rearg denied 57 NY2d 775 [1982]), it was impossible for defendant to commit stalking in the first degree without, by the same conduct, committing forcible touching, thereby rendering forcible touching an inclusory concurrent count of stalking in the first degree (see CPL 300.30 [4]; see generally People v Lee, 224 AD3d 1372, 1376 [4th Dept 2024], lv denied 41 NY3d 984 [2024]; People v Scott, 61 AD3d 1348, 1350 [4th Dept 2009], lv denied 12 NY3d 920 [2009], reconsideration denied 13 NY3d 799 [2009]).
We therefore modify the judgment by reversing those parts convicting defendant of attempted kidnapping in the second degree as a sexually motivated felony and forcible touching and dismissing counts 1 and 3 of the indictment.
The sentence imposed on defendant's conviction, as modified by our determination, is not unduly harsh or severe. We have considered defendant's remaining contentions and conclude that none warrants further modification or reversal of the judgment.
Entered: July 3, 2024
Ann Dillon Flynn
Clerk of the Court