■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALFRED SPEARS, Appellant. — Appeal by defendant from a judgment of the County Court, Nassau County (Goodman, J.),

rendered May 16, 1983, convicting him of attempted robbery in the first degree, upon his plea of guilty, and imposing sentence.

Judgment affirmed.

Defendant's plea of guilty operated as a waiver of his claim that he was entitled to have the indictment dismissed on the ground that the People were not ready for trial within the time prescribed by CPL 30.30 (subd 1, par [a]). Accordingly, we do not consider the merits of defendant's statutory "speedy trial" claim on the instant appeal (*People v Savage,* 54 NY2d 697, 698; see, also, *People v O'Brien,* 56 NY2d 1009). Moreover, defendant's "speedy trial" motion was untimely, as it was brought after he entered his plea of guilty (see CPL 210.20, subd 2). Even if defendant's claim that he was denied his constitutional right to a speedy trial were to be considered as surviving his guilty plea, he has failed to demonstrate that he is entitled to relief in accordance with the factors enumerated in *People v Taranovich* (37 NY2d 442, 445; see *People v Savage, supra; People v Lomax,* 50 NY2d 351, 358-359).

Defendant asserts that the indictment was defective and should be dismissed for reasons that include the failure to properly establish venue for two of the charged offenses in the prosecuting jurisdiction, the improper joinder of other offenses with the charge of robbery in the first degree (see CPL 200.20, subd 2) and the insufficiency of the evidence presented to the Grand Jury. The above issues are not properly before this court on the instant appeal as they do not constitute jurisdictional objections related to the right of the People to prosecute defendant and were thus waived by him when he entered his plea of guilty (see *People v Thomas,* 74 AD2d 317, 319-321, affd 53 NY2d 338; see, also, *People v Dunbar,* 53 NY2d 868, 871; *People v Iannone,* 45 NY2d 589, 600-601; *People v Case,* 42 NY2d 98, 100; *People v Williams,* 14 NY2d 568, mot for rearg den 14 NY2d 689). Defendant's contentions that the indictment must be dismissed as it was based upon illegally seized evidence and a mistaken identification were also waived by his plea of guilty which was entered prior to a determination of his pretrial motion (see *People v Thomas, supra,* pp 320-321; *People v Corti,* 88 AD2d 345) and, in any event, lack merit (see *People v Oakley,* 28 NY2d 309; *People v Brewster,* 100 AD2d 134; *People v Mauceri,* 74 AD2d 833).

We have considered the remaining contentions of defendant and find them to be without merit. Weinstein, J. P., Brown, Rubin and Eiber, JJ., concur.