■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARTIN BUCCINA, Appellant. Memorandum: The court improperly permitted the prosecution to introduce evidence of uncharged sales of marihuana by defendant. Proof of these uncharged crimes was not probative of any element of the crimes charged and served only to establish defendant's predisposition to commit the crimes charged, criminal sale of marihuana and criminal possession of marihuana on June 21, 1984 and July 17, 1984 *(see, People v Ventimiglia,* 52 NY2d 350, 359). Contrary to the People's contention, evidence that defendant sold marihuana on other occasions was not admissible to prove the identity of the seller on June 21 and July 17 because the *modus operandi* of the several crimes was not so unique as to serve as proof that they were committed by the same person *(see, People v Condon,* 26 NY2d 139, 144; *cf. People v Kennedy,* 27 NY2d 551; *cf. People v Allweiss,* 48 NY2d 40, 47-48).

Nor was the evidence of other sales admissible as part of a

general scheme or plan. Here, there was no showing that there was "a single inseparable plan encompassing both the charged and uncharged crimes" *(People v Fiore,* 34 NY2d 81, 85). Each sale was separate and distinct and none depended upon the occurrence of another. (Appeal from judgment of Genesee County Court, Morton, J.—criminal sale of marihuana, third degree, and another offense.) Present—Denman, J. P., Boomer, Green, Pine and Balio, JJ.