■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JIMMY HART, Appellant

On the instant appeal, the defendant argues, *inter alia,* that his guilt was not proven since the victim's eyewitness testimony concerning the alleged robbery on January 14, 1983, was rebutted by the testimony of several alibi witnesses. We disagree. Whether the alibi witnesses' testimony was sufficient to overcome the identification testimony of the victim is a question primarily for the jury to resolve *(see, People v Gaimari,* 176 NY 84, 94; *People v Herriot,* 110 AD2d 851). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record *(see, People v Garafolo,* 44 AD2d 86, 88). Upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (CPL 470.15 [5]).

The defendant also argues on the instant appeal, that he was deprived of a fair trial by reason of (1) an insufficient charge on the issue of identification, (2) an unbalanced and coercive *Allen* charge, and (3) improper bolstering testimony concerning the victim's prior identification of the defendant. Again, we disagree.

An examination of the record indicates that no exception was taken to the court's *Allen* charge, and the defendant's argument with respect thereto has therefore not been preserved for appellate review *(see,* CPL 470.05 [2]). In any event, upon reading the *Allen* charge as a whole, as well as that part of the charge which was given on the issue of identification, we are satisfied that the applicable principles of law were adequately conveyed to the jury *(see, People v Canty,* 60 NY2d 830; *People v Whalen,* 59 NY2d 273; *People v Moya,* 115 AD2d 769).

The detective's testimony that he arrested the defendant after a conversation with the victim did constitute impermissible "implicit" bolstering *(see, People v Holt,* 67 NY2d 819, 821; *People v Trowbridge,* 305 NY 471). Nevertheless, this error, standing alone, did not deprive defendant of a fair trial, and,

in view of the victim's strong and unwavering identification testimony, and the ample opportunity that she had to observe the perpetrator of the crime, that testimony must be considered harmless *(see, People v Johnson,* 57 NY2d 969).

We have reviewed defendant's remaining arguments and find them to be without merit. Mollen, P. J., Mangano, Brown and Kunzeman, JJ., concur.