■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONALD ROSS, Appellant.—Judgment unanimously affirmed. Memorandum: Defendant was convicted of criminal sale of a controlled substance in the first degree for selling four ounces of cocaine to an undercover police officer on March 7, 1986. Defendant contends that the prosecutor failed to comply with his *Rosario* obligation because he did not turn over to defendant, prior to opening statements, a report made by the undercover officer concerning a sale of cocaine by defendant on February 4, 1986. CPL 240.45 (1) (a) requires the prosecutor, before opening statements, to make available to the defendant "[a]ny written or recorded statement * * * made by a person whom the prosecutor intends to call as a witness at trial, and which relates to the subject matter of the witness's testimony". The statement of the undercover officer concerning the February 4 sale did not relate to his testimony. Indeed, any testimony concerning the prior sale was not admissible on the People's direct case *(see, People v Rivera,* 26 NY2d 304; *People v Buccina,* 124 AD2d 983) and was not admissible at all until defendant raised the defense of agency *(see, People v Gabriel,* 125 AD2d 406). CPL 240.45 (1) does not

require the prosecutor to anticipate the defenses which may be raised. The case of *People v Perez* (65 NY2d 154), cited by defendant, is not to the contrary. There the subject matter of the witness's statement did relate to the subject matter of the witness's direct testimony because it had a direct bearing upon the witness's credibility *(see, People v Perez, supra,* at 159). In any event, defendant was not substantially prejudiced inasmuch as the prosecutor, before opening statements, informed defense counsel of the prior sale and defense counsel had the opportunity to use the statement to cross-examine the witness if he so chose *(see, People v Martinez,* 71 NY2d 937, 940; *People v Ranghelle,* 69 NY2d 56, 63).

We have reviewed defendant's other arguments and determine that they lack merit. (Appeal from judgment of Supreme Court, Monroe County, Bergin, J.—criminal sale of controlled substance, first degree, and another charge.) Present—Denman, J. P., Boomer, Green, Lawton and Davis, JJ.