■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAY ANTHONY WILLIAMS, Appellant.—Judgment unanimously affirmed. Memorandum: Defendant failed to preserve for appellate review his claim that certain testimony of the arresting officer improperly bolstered the victim's identification of defendant (see, People v Love, 57 NY2d 1023, 1025). Moreover, although that testimony did constitute improper bolstering (see, People v Holt, 67 NY2d 819, 821; People v Hart, 140 AD2d 711, lv denied 72 NY2d 919; People v Love, 135 AD2d 1099), the error in its admission must be deemed harmless in light of the victim's strong and unequivocal identification testimony and the ample opportunity that he had to observe the perpetrator of the robbery (see, People v Johnson, 57 NY2d 969; People v Hart, supra, at 711-712).

Defendant's challenge to the prosecutor's comments during summation has not been preserved for appellate review (see, People v Williams, 46 NY2d 1070, 1071; People v Singleton, 140 AD2d 388, 389). In any event, the only remark made by the prosecutor during summation that we deem to be improper was her comment which implied that a defense witness's testimony was a fabrication concocted by him after consultation with defendant (see, People v Davis, 112 AD2d 722, 724, lv denied 66 NY2d 918). However, in light of the overwhelming evidence of defendant's guilt, this isolated comment did not deprive defendant of a fair trial.

Finally, we conclude that this record reveals that defendant was afforded meaningful representation (see, People v Baldi, 54 NY2d 137, 147). (Appeal from judgment of Supreme Court,

Erie County, Marshall, J.—robbery, third degree.) Present—Boomer, J. P., Green, Pine, Balio and Davis, JJ.