■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH MARKS, Appellant.—Judgment unanimously affirmed. Memorandum: Defendant was convicted, following a jury trial, of assault in the second degree (Penal Law § 120.05 [2]) for stabbing his neighbor following an argument. We agree with defendant's contention that Supreme Court erred in admitting testimony from two prosecution witnesses that improperly bolstered the victim's identification of defendant (see, *People v Bayron*, 66 NY2d 77, 81; *People v Trowbridge*, 305 NY 471; *People v Love*, 135 AD2d 1099). Defendant's attorney, however,

failed to object to that testimony as improper bolstering. Thus, the issue has not been preserved for appellate review *(see,* CPL 470.05 [2]; *People v West,* 56 NY2d 662, 663; *People v Minigan,* 175 AD2d 648, *lv denied* 78 NY2d 1013). Were we to address the issue on the merits, we would conclude that the error was harmless in light of the victim's strong and unequivocal identification of the defendant, who resided downstairs *(see, People v Johnson,* 57 NY2d 969; *People v Mobley,* 56 NY2d 584, 585; *People v Williams,* 154 AD2d 935, *lv denied* 75 NY2d 778). In our view, there is no significant probability that the jury would have acquitted defendant had it not been for the error *(see, People v Crimmins,* 36 NY2d 230, 242; *People v Johnson, supra,* at 970). Because of defendant's extensive criminal record, the court did not abuse its discretion in the imposition of the sentence. (Appeal from Judgment of Supreme Court, Erie County, Rath, Jr., J.—Assault, 2nd Degree.) Present—Callahan, J. P., Boomer, Pine, Lawton and Fallon, JJ.