■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JEROME GARNER, Appellant.—Judgment unanimously affirmed. Memorandum: We reject defendant's contention that a prosecution witness' testimony, that complainant told her that she had been raped and threatened with death if she told

anyone, improperly bolstered the testimony of the complainant and deprived defendant of a fair trial. Defendant failed to object to that testimony as improper bolstering. Thus, the issue has not been preserved for appellate review *(see, People v Love,* 57 NY2d 1023, 1025; *People v West,* 56 NY2d 662, 663; *People v Marks,* 182 AD2d 1122; *People v Minigan,* 175 AD2d 648, *lv denied* 78 NY2d 1013). Were we to address the issue on the merits, we would conclude that the error was harmless in light of the victim's strong and unequivocal identification of defendant and the overwhelming evidence of guilt *(see, People v Johnson,* 57 NY2d 969; *People v Marks, supra; People v Williams,* 154 AD2d 935, *lv denied* 75 NY2d 778). In our view, there is no significant probability that the jury would have acquitted defendant had it not been for the disputed testimony *(see, People v Crimmins,* 36 NY2d 230, 242; *People v Marks, supra).*

There is no merit to defendant's argument that the prosecutor's delay in delivering *Rosario* material *(see, People v Rosario,* 9 NY2d 286, *rearg denied* 9 NY2d 908, *cert denied* 368 US 866, *rearg denied* 14 NY2d 876, 15 NY2d 765) deprived him of a fair trial. The statement in question was not part of the People's direct case, but rather was rebuttal evidence. CPL 240.45 (1) does not require the prosecutor to anticipate the defenses that may be raised *(People v Ross,* 147 AD2d 954, *lv denied* 73 NY2d 1021).

In view of the heinous nature of the offenses, the sentencing court did not abuse its discretion in imposing the maximum permissible sentence. (Appeal from Judgment of Erie County Court, D'Amico, J.—Sodomy, 1st Degree.) Present—Callahan, J. P., Green, Lawton, Boehm and Doerr, JJ.