■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v

JOSEPH LOMBARDO, Appellant. [602 NYS2d 582] —Judgment unanimously affirmed. Memorandum: We agree with defendant that County Court erred in admitting testimony from a police officer that improperly bolstered an eyewitness's identification of defendant (see, People v Bayron, 66 NY2d 77, 81; People v Johnson, 57 NY2d 969, 970; People v Marks, 182 AD2d 1122; People v Lomack, 174 AD2d 1037). We conclude, however, that the error was harmless in light of the strong and unequivocal identification testimony given by the eyewitness (see, People v Crimmins, 36 NY2d 230, 242; People v Marks, supra; People v Lomack, supra).

Defendant has not preserved for our review his contention that the admission of a photograph of him taken approximately one hour after his arrest constituted improper bolstering (see, CPL 470.05 [2]). Were we to address that issue, we would find it to be lacking in merit. Two prosecution witnesses testified that defendant had blond hair when the crimes were committed and that the color of his hair was darker at the time of trial. Under those circumstances, it was not error to admit the photograph because it was relevant to the issue of defendant's changed appearance since the occurrence of the crimes (see, People v Logan, 25 NY2d 184, 195, cert denied 396 US 1020, rearg dismissed 27 NY2d 733).

Further, we reject defendant's contention that the second showup should have been suppressed (see, People v Duuvon, 77 NY2d 541; People v Slade, 174 AD2d 639, lv denied 78 NY2d 974; People v Torres, 169 AD2d 584, 585, lv denied 77 NY2d 911). Finally, the trial court was under no obligation to seek defendant's affirmative waiver of his right to testify when the defense rested without calling any witnesses (see, People v Burroughs, 191 AD2d 956; People v Dougherty, 190 AD2d 989). (Appeal from Judgment of Monroe County Court, Egan, J.— Criminal Trespass, 2nd Degree.) Present—Callahan, J. P., Green, Pine, Fallon and Davis, JJ.