■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DEVON PARHAM, Appellant. [629 NYS2d 61] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Patterson, J.), rendered July 6, 1993, convicting him of murder in the second degree and criminal possession of a weapon in the third degree (two counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Rappaport, J.), of those branches of the defendant's omnibus motion which were to suppress physical evidence and statements made by him to the police.

Ordered that the judgment is affirmed.

The defendant contends that the hearing testimony of the arresting officer on the incidents leading to the stopping of the car was incredible and therefore the seizure of physical evidence and his inculpatory statement should have been suppressed. We disagree.

Resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the hearing court, which saw and heard the witnesses (see, People v Gaimari, 176 NY 84, 94; People v Hart, 140 AD2d 711). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (People v Garafolo, 44 AD2d 86, 88). Here, the record and the hearing court's own observation contradicted the defendant's assertion that the officer and a witness could not have observed and identified a codefendant through the tinted windows of a car in which the codefendant and the defendant were passengers. The record also establishes that after the car was properly stopped and the occupants exited therefrom, the three handguns in the rear passenger area of the car were in plain view for the police to observe.

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Miller, J. P., Thompson, Friedmann and Florio, JJ., concur.