■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTWAINE J. PARKER, Appellant. [725 NYS2d 250] —Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment convicting him following a jury trial of murder in the second degree (Penal Law § 125.25 [1]) and criminal possession of a weapon in the second degree (Penal Law former § 265.03). We reject his contention that the People had a duty to investigate whether their *Brady* obligations were implicated by information that the victim and the principal prosecution witness were subjects of a drug enforcement administration (DEA) task force investigation. Defendant does not allege that there was a joint investigation between the local police and the DEA. Thus, it cannot be said that the prosecutor had control or constructive possession of any alleged *Brady* material in the possession of the DEA, nor did the prosecutor have a duty to inquire about any such material (*see, People v Santorelli,* 95 NY2d 412, 421). Defendant further contends that he was denied a fair trial by prosecutorial misconduct on summation based upon the prosecutor's improper reference to a person in the courtroom. We disagree. County Court issued a curative instruction, and the improper reference was not so egregious as to deny defendant a fair trial (*see, People v Parsons,* 275 AD2d 933, 935, *lv denied* 95 NY2d 937). The court did not abuse its discretion in denying defendant's motion for a mistrial based on the prosecutor's bolstering of the identification testimony of an eyewitness (*see generally, People v Ortiz,* 54 NY2d 288, 292). Defendant declined the court's offer to issue a curative instruction and, in view of the strong evidence of

identity, reversal is not required (*see, People v Ford*, 262 AD2d 1052, *lv denied* 93 NY2d 1044; *People v Lombardo*, 195 AD2d 965, 966, *lv denied* 82 NY2d 806). The verdict is not against the weight of the evidence (*see, People v Bleakley,* 69 NY2d 490, 495), and the sentence is neither unduly harsh nor severe. (Appeal from Judgment of Erie County Court, Drury, J.—Murder, 2nd Degree.) Present—Green, J. P., Hayes, Scudder, Burns and Lawton, JJ.