■■■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES M., Appellant. [731 NYS2d 307] —Adjudication unanimously affirmed. Memorandum: Defendant was adjudicated a youthful offender upon his plea of guilty to criminal possession of a weapon in the second and third degrees (Penal Law § 265.02 [4]; § 265.03 [2]) and sentenced to concurrent indeterminate terms of incarceration of 1⅓ to 4 years. The charges arose when defendant, then age 14, brought a loaded .22 caliber revolver to school, indicating that he intended to use it to threaten a student who had been harassing him, and further indicating that he would use it if the student did not leave him alone.

County Court did not err in denying defendant's application to remove the matter to Family Court without holding a hearing. Because defendant was charged with an armed felony offense, removal is permitted only with the consent of the District Attorney (*see,* CPL 210.43 [1] [b]), unless the court determines that removal is warranted "in the interests of justice and over the objections of the District Attorney" (*Matter of Vega v Bell,* 47 NY2d 543, 552; *see, People v Smith,* 217 AD2d 221, 240-241, *lv denied* 87 NY2d 977). The Legislature has determined that a juvenile who possesses a loaded firearm on school grounds is criminally responsible for that conduct (*see,* Penal Law § 30.00 [2]), and "[i]t is not for the courts to question the wisdom of this legislative decision" (*Matter of Vega v Bell, supra,* at 553). "[U]nder the present scheme it will only be in the unusual or exceptional case that removal will be proper, and thus a hearing will be necessary only if it appears

for some special reason that removal would be appropriate in the particular case" (*Matter of Vega v Bell, supra,* at 553). Here, the District Attorney articulated in his affidavit in opposition to the application and at oral argument cogent reasons for withholding consent to removal, including the seriousness of the conduct and the potential for harm to other students. This is not an "unusual" or "exceptional" case, and the court did not abuse its discretion in denying defendant's application for removal without a hearing (*see, People v Smith, supra,* at 241).

Defendant also contends that the court erred in denying his motion to suppress the statement he made to police following his arrest. We disagree. "It is well settled that the possibility of a knowing, intelligent, and voluntary waiver of *Miranda* rights is not precluded merely because the suspect is a juvenile" (*People v Smith, supra,* at 232). In questioning juveniles, however, "the police must exercise greater care to insure that the rights of [such] suspects are vigilantly observed" (*People v Hall,* 125 AD2d 698, 701). The record supports the court's conclusion that defendant's statement was knowing, intelligent, and voluntary. Defendant was questioned in the presence of his mother in a facility approved as a suitable place for the questioning of juveniles and was given *Miranda* warnings, which he indicated that he understood, and both defendant and his mother agreed to waive those rights and speak with police. Although defendant has a learning disability, he and his mother testified at the *Huntley* hearing that he could read and understand the English language, and the interrogating officer testified that defendant's answers were appropriate and that there was nothing about defendant's intellectual capacity that did not appear to "square with [defendant's] chronological age." Defendant provided no evidence to establish that his disability prevented him from understanding the import of the warnings. Although defendant and his mother testified at the *Huntley* hearing that defendant did not understand the warnings, they admitted that neither of them had informed the interrogating officer that they did not understand what he was saying, nor did they ask any questions about the warnings. "[I]t is neither the duty nor function of police to provide a suspect with a general legal education; all that is required is for the suspect to grasp the essential elements of his *Miranda* rights and the immediate import of those rights on the custodial interrogation process" (*People v Smith, supra,* at 233).

Given the serious nature of defendant's conduct, we conclude that the sentence is neither unduly harsh nor severe. (Appeal

from Adjudication of Ontario County Court, Henry, Jr., J.—Youthful Offender.) Present—Pigott, Jr., P. J., Pine, Wisner, Burns and Lawton, JJ.