■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DARRELL ELLIOTT, Appellant. [740 NYS2d 918] —Appeal from a judgment of Supreme Court, Erie County (Buscaglia, J.), entered December 22, 1998, convicting defendant after a jury trial of, inter alia, robbery in the first degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him after a jury trial of, inter alia, robbery in the first degree (Penal Law § 160.15 [4]) and burglary in the first degree (§ 140.30 [4]). Contrary to the contention of defendant, he was not denied his right to equal protection by the prosecutor's exercise of two peremptory challenges. Supreme Court's determination that the explanations offered by the prosecutor for those peremptory challenges were race-neutral is entitled to great deference (*see People v Carelock,* 278 AD2d 851, 851, *lv denied* 96 NY2d 757; *see generally People v Payne,* 88 NY2d 172, 183).

Although we agree with defendant that the testimony of a police officer improperly bolstered the identification testimony of the victim, we conclude that the error is harmless. The identification testimony of the victim was strong, and there is no significant probability that defendant would have been acquitted but for the error (*see People v Lombardo,* 195 AD2d 965, 966, *lv denied* 82 NY2d 806; *see generally People v Crimmins,* 36 NY2d 230, 241-242). We also agree with defendant that the prosecutor engaged in misconduct during her summation by, inter alia, denigrating the defense and impugning the integrity of defense counsel (*see People v Paul,* 229 AD2d 932, 933). "It would seem, by now, unnecessary to emphasize again that the duty of the prosecutor is to honor established legal principles, not to secure conviction by any and all means" (*id*). We conclude, however, that reversal is not required based on that misconduct. The evidence of defendant's guilt is overwhelming and the summation did not "tip[ ] the scales" against defendant (*People v Tolbert,* 198 AD2d 132, 134, *lv denied* 83

NY2d 811). Thus, we conclude that the prosecutor's misconduct did not deny defendant a fair trial (*cf. People v Mott,* 94 AD2d 415, 421). Defendant failed to preserve for our review his contention that the prosecutor impermissibly shifted the burden of proof during her summation (*see* CPL 470.05 [2]), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see* 470.15 [6] [a]). Defendant also failed to preserve for our review his contention that the prosecutor's improper impeachment of the credibility of a witness denied him a fair trial (*see* 470.05 [2]), and in any event that contention lacks merit. We have considered defendant's remaining contentions and conclude that they are without merit. Present—Green, J.P., Wisner, Scudder, Kehoe and Gorski, JJ.