THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PAUL TERRY, Appellant. [797 NYS2d 670]—

Appeal from a judgment of the Monroe County Court (Craig J. Doran, J.), rendered May 3, 2002. The judgment convicted defendant, upon a jury verdict, of sodomy in the first degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him, upon a jury verdict, of sodomy in the first degree (Penal Law former § 130.50 [1]). We reject the contention of defendant that reversal is required based on an alleged *Brady* violation, i.e., the People's failure to notify him in a timely manner that an investigation was conducted by Child Protective Services (CPS) with respect to the events underlying the indictment and that the allegations that precipitated the investigation were deemed to be unfounded. We note at the outset that defendant correctly concedes that the report itself, if indeed one exists, is not *Brady* material because the prosecutor never possessed it

(*see People v Santorelli*, 95 NY2d 412, 422-423 [2000]; *People v Parker*, 283 AD2d 973 [2001], *lv denied* 96 NY2d 905 [2001]). We further note that defendant has failed to establish that there was in fact an investigation of the particular incident, and his speculation with respect to the existence of evidence is insufficient to establish a *Brady* violation (*see People v Bryant*, 298 AD2d 845, 846 [2002], *lv denied* 99 NY2d 556 [2002]). In any event, even assuming, arguendo, that there was an investigation, we would nevertheless conclude that no *Brady* violation occurred herein. Because defendant was the subject of any CPS investigation that may have occurred, the results of such an investigation were available to him (*see* Social Services Law § 422 [5] [a] [iv]). The People are not required to "supply a defendant with evidence when the defendant knew of, or should reasonably have known of, the evidence and its exculpatory nature" (*People v Doshi*, 93 NY2d 499, 506 [1999]; *see People v Singleton*, 1 AD3d 1020, 1021 [2003], *lv denied* 1 NY3d 580 [2003]).

We also reject the contention of defendant that County Court erred in denying his motion to suppress statements made to a police investigator while defendant was a resident at a juvenile detention center. It is well settled that a minor may waive his rights in the absence of an adult responsible for the minor (*see People v Stephen J. B.*, 23 NY2d 611, 616-617 [1969]). Here, the record supports the court's determination that the investigator took special precautions to assure that defendant understood and validly waived his rights (*see People v Charles M.*, 286 AD2d 942, 943 [2001]; *People v Smith*, 217 AD2d 221, 232-234 [1995], *lv denied* 87 NY2d 977 [1996]).

Finally, defendant was not eligible for youthful offender status because he was convicted of sodomy in the first degree and there was insufficient evidence of "mitigating circumstances that bear directly upon the manner in which the crime was committed" (CPL 720.10 [3] [i]; *see People v Victor J.*, 283 AD2d 205, 206 [2001], *lv denied* 96 NY2d 942 [2001]). In any event, even assuming, arguendo, that defendant was eligible for youthful offender status, we would conclude that the court did not abuse its discretion in denying defendant's request for youthful offender status (*see generally People v Boyce*, 2 AD3d 984, 987 [2003], *lv denied* 2 NY3d 796 [2004]; *People v Raphael*, 109 AD2d 899 [1985]). Present—Pigott, Jr., P.J., Hurlbutt, Kehoe, Martoche and Smith, JJ.