THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CAESAR SCOTT, Appellant. [817 NYS2d 548]—Appeal from a judgment of the Supreme Court, Erie County (Mario J. Rossetti, A.J.), rendered December 1, 2004. The judgment convicted defendant, upon his plea of guilty, of attempted robbery in the first degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon his plea of guilty of attempted robbery in the first degree (Penal Law §§ 110.00, 160.15 [2]), defendant contends that his

waiver of the right to appeal was not knowingly, voluntarily and intelligently entered. We reject that contention (*see People v Kemp*, 94 NY2d 831, 833 [1999]; *People v Moissett*, 76 NY2d 909, 910-911 [1990]). The valid waiver by defendant of the right to appeal encompasses his contention concerning the severity of the sentence (*see People v Lococo*, 92 NY2d 825, 827 [1998]; *People v Hidalgo*, 91 NY2d 733, 737 [1998]) and the denial of youthful offender status (*see People v Williams*, 15 AD3d 863, 864 [2005], *lv denied* 5 NY3d 771, 811 [2005]; *People v Andrews*, 285 AD2d 984 [2001], *lv denied* 96 NY2d 938 [2001]). In any event, the bargained-for sentence is not unduly harsh or severe and even assuming, arguendo, that there was sufficient evidence of "mitigating circumstances that bear directly upon the manner in which the crime was committed" to render defendant eligible for youthful offender status (CPL 720.10 [3] [i]), we would nevertheless conclude that Supreme Court did not abuse its discretion in denying defendant's request for such status (*see generally People v Terry*, 19 AD3d 1039, 1040 [2005], *lv denied* 5 NY3d 833 [2005]). Present—Pigott, Jr., P.J., Hurlbutt, Martoche, Smith and Green, JJ.