■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DENNIS BELL, Appellant. [885 NYS2d 841]—

Appeal from a judgment of the Supreme Court, Monroe County (Dennis M. Kehoe, A.J.), rendered June 7, 2006. The judgment convicted defendant, upon a jury verdict, of murder in the second degree and criminal possession of a weapon in the second degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon a jury verdict of murder in the second degree (Penal Law § 125.25 [1]) and criminal possession of a weapon in the second degree (§ 265.03 [former (2)]), defendant contends that he was deprived of a fair trial by prosecutorial misconduct during sum-

mation. We agree with defendant that the prosecutor improperly vouched for the credibility of the witnesses to the shooting (*see People v Pagan*, 2 AD3d 879, 880 [2003]; *People v Dunbar*, 213 AD2d 1000 [1995], *lv denied* 85 NY2d 972 [1995]), and that the error was compounded when Supreme Court allowed the prosecutor to enhance the effect of her improper comments by using computer slides. We also agree with defendant that, during her summation, the prosecutor mischaracterized one of the photographs admitted in evidence (*see generally People v Hernandez*, 185 AD2d 147 [1992], *lv denied* 80 NY2d 930 [1992]). Nevertheless, we conclude that those instances of misconduct during the prosecutor's summation did not deprive defendant of his fundamental right to a fair trial. Rather, we conclude that the evidence of defendant's guilt is overwhelming and that there is no reasonable possibility that the error might have contributed to defendant's conviction (*see People v Elliott*, 294 AD2d 870 [2002], *lv denied* 98 NY2d 696 [2002]). Defendant failed to object to the remainder of the comments on summation that he now contends were improper, and his contention with respect to those comments therefore is not preserved for our review (*see* CPL 470.05 [2]; *People v Beggs*, 19 AD3d 1150, 1151 [2005], *lv denied* 5 NY3d 803 [2005]). We decline to exercise our power to review his contention with respect to those comments as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]). Finally, viewing the evidence in light of the elements of the crimes as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349 [2007]), we reject defendant's contention that the verdict is against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). Present—Hurlbutt, J.P., Martoche, Centra, Green and Gorski, JJ.