Appeal from a judgment of the Erie County Court (Michael L. D’Amico, J.), rendered June 13, 2012. The judgment convicted defendant, upon his plea of guilty, of assault in the first degree, criminal possession of a weapon in the second degree and assault in the second degree.
It is hereby ordered that the judgment so appealed from is unanimously affirmed.
Memorandum: On appeal from a judgment convicting him upon his plea of guilty of, inter alia, assault in the first degree (Penal Law § 120.10 [3]), defendant contends that his waiver of the right to appeal was not knowingly, voluntarily, and intelligently entered. We reject that contention (see generally People v Lopez, 6 NY3d 248, 256 [2006]; People v Ripley, 94 AD3d 1554, 1554 [2012], lv denied 19 NY3d 976 [2012]). The valid waiver by defendant of the right to appeal encompasses his contention concerning the severity of the sentence (see People v Lococo, 92 NY2d 825, 827 [1998]; People v Raynor, 107 AD3d 1567, 1568 [2013]). Contrary to defendant’s further contention, even assuming, arguendo, that there was sufficient evidence of “mitigating circumstances that bear directly upon the manner in which the crime was committed” to render defendant eligible for youthful offender status (CPL 720.10 [3] [i]), we nevertheless conclude that County Court did not abuse its discretion in declining to grant him youthful offender status under the circumstances of this case (see People v Fowler-Graham, 92 AD3d 1225, 1226 [2012], lv denied 19 NY3d 960 [2012]; People v Scott, 31 AD3d 1190, 1191 [2006]; People v Terry, 19 AD3d 1039, 1040 [2005], lv denied 5 NY3d 833 [2005]).
Present — Scudder, EJ., Centra, Fahey, Peradotto and Whalen, JJ.