■■■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KRISTY L. CHAVIS, Appellant. (Appeal No. 1.) [56 NYS3d 744]—

Appeal from a judgment of the Cayuga County Court (Thomas G. Leone, J.), rendered January 7, 2016. The judgment convicted defendant, upon her plea of guilty, of criminal possession of a controlled substance in the third degree (three counts), criminal use of drug paraphernalia in the second degree (two counts) and endangering the welfare of a child (two counts).

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: In appeal No. 1, defendant appeals from a judgment convicting her upon her plea of guilty of, inter alia, three counts of criminal possession of a controlled substance in the third degree ([CPCS] Penal Law § 220.16 [1], [12]) and, in appeal No. 2, she appeals from a judgment convicting her upon her plea of guilty of four counts of CPCS in the third degree (§ 220.16 [1]) and four counts of criminal sale of a controlled substance in the third degree ([CSCS] § 220.39 [1]). County Court imposed concurrent terms of imprisonment with respect to all counts in both indictments. As a preliminary matter, we reject the contention of the People that the appeal from the judgment in appeal No. 1 is not properly before us because defendant failed to file a timely notice of appeal. This Court granted defendant's motion seeking to extend her time to file the notice of appeal, and thus the notice of appeal was timely filed.

Contrary to defendant's contention in appeal No. 1, the record establishes that defendant expressly rejected a prior offer to plead guilty to one count of CPCS in exchange for a six-year determinate term of imprisonment, and she was thereafter indicted with the counts at issue in appeal No. 2. Defendant pleaded guilty to all counts in both indictments and was sentenced in accordance with the terms of her plea agreement, and she therefore cannot be heard to say that she relied to her detriment on the prior offer (see People v Stevens, 64 AD3d 1051, 1054 [2009], lv denied 13 NY3d 839 [2009]).

We reject defendant's further contention in appeal No. 1 that the court abused its discretion in denying her application to participate in judicial diversion (see People v Williams, 105 AD3d 1428, 1428 [2013], lv denied 21 NY3d 1021 [2013]), which was made before she was indicted with the counts in appeal No. 2. The record supports the court's determination that, although defendant had a history of drug abuse, it was a factor in her criminal behavior, and diversion could effectively address her drug abuse (see CPL 216.05 [3]), institutional confinement was necessary for the protection of the public. The court properly considered the large amount of heroin and cash seized from defendant's home and her prior history of convictions related to the sale of narcotic substances, including her use of adolescents to sell drugs. Finally, we reject defendant's challenge in each appeal to the severity of the sentence. Present— Whalen, P.J., Smith, Carni, Curran and Scudder, JJ.