People v Jacobs (2025 NY Slip Op 07124)

People v Jacobs

2025 NY Slip Op 07124

Decided on December 23, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 23, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CURRAN, SMITH, OGDEN, AND HANNAH, JJ.

606 KA 22-01168

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
vANTHONY JACOBS, DEFENDANT-APPELLANT. 

SARAH S. HOLT, CONFLICT DEFENDER, ROCHESTER (STEPHANIE M. STARE OF COUNSEL), FOR DEFENDANT-APPELLANT. 
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (RYAN P. ASHE OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Monroe County Court (Stacey Romeo, A.J.), rendered July 20, 2022. The judgment convicted defendant upon his plea of guilty of attempted robbery in the first degree. 
It is hereby ORDERED that the judgment so appealed from is reversed on the law, the plea is vacated, and the matter is remitted to Monroe County Court for further proceedings in accordance with the following memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of attempted robbery in the first degree (Penal Law §§ 110.00, 160.15 [2]), arising out of a carjacking committed when defendant was 16 years old. In the course of the offense, a codefendant possessed a firearm that he used to fatally shoot the victim. As a result, defendant was indicted on counts of, inter alia, murder in the second degree and attempted robbery in the first degree premised on his liability as an accomplice (Penal Law §§ 20.00, 110.00, 125.25 [1], [3]; 160.15 [2]). Defendant's age at the time of the offense rendered him an adolescent offender (see CPL 1.20 [44]). Inasmuch as he was indicted for certain qualifying violent offenses (see CPL 722.23 [2] [a]; Penal Law § 70.02 [1]), County Court was required to schedule an appearance within six days of defendant's arraignment (see CPL 722.23 [2] [a]) to "review the accusatory instrument and any other relevant facts for the purpose of making a determination" whether to order the removal of the action to Family Court (CPL 722.23 [2] [b]). Specifically, the court was required to order removal to Family Court pursuant to CPL 722.23 (1) (a) unless the court determined "in writing that the district attorney proved by a preponderance of the evidence" that defendant "caused significant physical injury to a person other than a participant in the offense"; "displayed a firearm, shotgun, rifle or deadly weapon"; or engaged in statutorily defined unlawful sexual contact (CPL 722.23 [2] [c] [i]-[iii]). The court determined that the People met their burden of establishing that defendant caused significant physical injury to another person, and no removal was ordered.
Initially, we agree with defendant that his waiver of the right to appeal is invalid. Defendant orally waived his right to appeal and executed a written waiver thereof. The language in the written waiver, however, is "inaccurate and misleading insofar as it purports to impose 'an absolute bar to the taking of a direct appeal' and to deprive defendant of his 'attendant rights to counsel and poor person relief, [as well as] all postconviction relief separate from the direct appeal' " (People v Nesmith, 235 AD3d 1239, 1239 [4th Dept 2025], lv denied 43 NY3d 964 [2025], quoting People v Thomas, 34 NY3d 545, 565 [2019], cert denied — US &mdash, 140 S Ct 2634 [2020]; see People v Ocasio, 222 AD3d 1364, 1364-1365 [4th Dept 2023]; People v Fernandez, 218 AD3d 1257, 1257-1258 [4th Dept 2023], lv denied 40 NY3d 1012 [2023]). Although the court's oral colloquy remedied the written waiver's mischaracterization of the waiver as an absolute bar to the taking of an appeal, the court's verbal statements did nothing to counter the other inaccuracies set forth in the written appeal waiver, including the purported waiver of all state and federal postconviction challenges (see People v Mason, 236 AD3d 1354, 1355 [4th Dept 2025], lv denied 43 NY3d 1010 [2025]; see also Nesmith, 235 AD3d at 1240; People v [*2]Hughes, 199 AD3d 1332, 1333 [4th Dept 2021]).
Defendant contends that the court erred in concluding that the People established by a preponderance of the evidence that defendant "caused significant physical injury to a person other than a participant in the offense" (CPL 722.23 [2] [c] [i]) and that defendant was therefore disqualified from having the matter transferred to Family Court. Initially, we respectfully disagree with our dissenting colleagues that defendant's contention is forfeited by his guilty plea. It is undisputed that a guilty plea does not "extinguish every claim on appeal" and that the issues that are not forfeited by the plea generally "relate either to jurisdictional matters . . . or to rights of a constitutional dimension that go to the very heart of the process" (People v Hansen, 95 NY2d 227, 230 [2000]). "The critical distinction is between defects implicating the integrity of the process, which may survive a guilty plea, and less fundamental flaws, such as evidentiary or technical matters, which do not" (id. at 231). Here, although there is no dispute that the court had subject matter jurisdiction to determine whether defendant was disqualified from removal to Family Court (see CPL 722.23 [2] [c]), we disagree with the dissent that the determination belongs to the class of "less fundamental flaws" that should be construed as forfeited by a defendant's plea of guilty (Hansen, 95 NY2d at 231).
"There is no mechanical rule that fixes when a claim is forfeited by a guilty plea" (People v Keizer, 100 NY2d 114, 122 [2003]). Inasmuch as "a plea usually removes the issue of factual guilt from a case, resolution of the question may be guided by determining whether the claim relates to the factual elements of the crime charged, or to some other, fundamental matter" (People v Taylor, 65 NY2d 1, 5 [1985]). Here, although the issue of an adolescent offender's disqualification from removal to Family Court requires review of the allegations and, in some cases, the evidence against that adolescent offender, a conclusion that the issue survives is not "fundamentally inconsistent with [a] plea of guilty" (Hansen, 95 NY2d at 232). Instead, the statutory preference for removal provides an adolescent offender with a better chance at rehabilitation—and a diversion from future criminal activity—by expediting access to the additional services available through Family Court (see CPL 722.23 [1] [a]; NY Assembly Debate on 2017 NY Assembly Bill A3009C, Apr. 8, 2017 at 18, 20, 21). Thus, an admission of factual guilt does not moot the issue whether removal to Family Court is appropriate; rather, it arguably renders the issue more important.
CPL 722.23 also reflects the legislative determination that time is of the essence here. That statute requires the court to consider whether an adolescent offender is disqualified from removal, regardless of any mitigating factors that might exist, within six days from the adolescent offender's arraignment and requires that the People move to prevent removal within 30 days (see CPL 722.23 [1] [a]; [2] [a]). If an adolescent offender's challenge is deemed forfeited by a guilty plea, as the dissent concludes, the only pathway to appellate review of an improper disqualification from removal would be for the adolescent offender to forgo acceptance of responsibility, along with any potentially beneficial plea bargain, and go to trial on the merits. Although such a course would not prevent the eventual appellate review of the issue (see People v Guerrero, 235 AD3d 1276, 1276-1277 [4th Dept 2025]; see generally Family Ct Act § 302.1 [2]), the additional passage of time and the deprivation of the benefits of the Family Court proceeding in the first instance would certainly diminish, if not prevent, the effectiveness of any relief ultimately granted. A conclusion that, by pleading guilty, a defendant forfeits the right to challenge a determination that he is disqualified from removal would therefore contravene the legislative intent to provide guilty adolescent offenders the best chance of effective rehabilitation.
The dissent highlights that, pursuant to CPL 722.23 (4), an adolescent offender may waive the opportunity for removal to Family Court. Statutory and even constitutional rights may be waived by a defendant when the waiver is made knowingly and voluntarily (see e.g. People v Solomon, 39 NY3d 1114, 1115 [2023]; People v Leubner, 143 AD3d 1244, 1245 [4th Dept 2016]). With respect to an adolescent offender, however, the legislature expressly required that a waiver of the opportunity for removal must be made "knowingly, voluntarily and in open court, in the presence of and with the approval of [defense] counsel and the court" in order for any such waiver to be effective (CPL 722.23 [4]). Thus, the legislature made clear that the issue of removal is of such importance with respect to an adolescent offender that a waiver cannot be assumed from a silent record. We decline to circumvent the statutory directive by framing the issue as one of forfeiture.
Further, our conclusion that defendant's contention is not forfeited by his guilty plea is consistent with this Court's review of similar contentions in proceedings involving juvenile offenders (see People v Weakfall, 108 AD3d 1115, 1116 [4th Dept 2013], lv denied 21 NY3d 1078 [2013]; People v Charles M., 286 AD2d 942, 942-943 [4th Dept 2001]) and judicial diversion (see People v Chavis, 151 AD3d 1757, 1758 [4th Dept 2017], lv denied 29 NY3d 1124 [2017]). Even assuming, arguendo, that we had not reviewed similar contentions in those proceedings, we note that a determination pursuant to CPL 722.23 (2) (c) whether an adolescent offender is disqualified from removal to Family Court—a determination notably made without consideration of any potential mitigating factors beyond the circumstances of the charged offenses—is more akin to a required eligibility determination for youthful offenders (see generally People v Middlebrooks, 25 NY3d 516, 525-526 [2015]) than it is to a discretionary determination to remove a juvenile offender, which is proper "only in exceptional cases" (People v Woods, 143 AD2d 1068, 1068 [2d Dept 1988], lv denied 73 NY2d 898 [1989]).
Addressing the merits of defendant's contention, we agree with defendant that the court erred in concluding that the People established by a preponderance of the evidence that defendant "caused significant physical injury to a person other than a participant in the offense" (CPL 722.23 [2] [c] [i]). In anticipation of the appearance required under CPL 722.23 (2) (a), the People submitted evidence—including witness statements and a video taken from the codefendant's cell phone—supporting the conclusion that defendant was a knowing and willing participant in the carjacking. That evidence also supported the conclusion, which the People do not dispute, that it was the codefendant who possessed the firearm, drove the vehicle that was used to stop the victim's vehicle, and ultimately shot the victim. The court rejected defendant's argument that the People's reliance solely on accomplice liability principles was insufficient to meet their burden and determined that defendant caused significant injury to the victim such that he was disqualified from having the action removed to Family Court.
We agree with defendant that the court erred in drawing that conclusion. " 'As the clearest indicator of legislative intent is the statutory text, the starting point in any case of interpretation must always be the language itself,' " (People v Golo, 26 NY3d 358, 361 [2015]). The plain language of CPL 722.23 (2) (c) supports the conclusion that the Legislature did not intend for the circumstances disqualifying an adolescent offender from removal to Family Court to be coextensive with criminal liability, including principles of accessorial liability, for a statutorily designated violent crime. Indeed, such a result could have been achieved by disqualifying adolescent offenders based solely on the crime charged without reference to any further factors. Instead, the Legislature chose to disqualify from consideration for removal those adolescent offenders who, as relevant to the instant appeal, "caused significant physical injury to a person other than a participant in the offense" (CPL 722.23 [2] [c] [i]) without reference to the principles of accessorial liability included in the Penal Law (see People v B.H., 62 Misc 3d 735, 741 [Nassau County Ct 2018]; see generally Penal Law § 20.00). Further, even assuming, arguendo, that the plain language of the statute could be considered ambiguous, we note that the legislative history of CPL 722.23 (2) (c), originally enacted as part of the Raise the Age Law, reflects the intent to disqualify from removal those adolescent offenders who "directly caused the injury, who displayed the weapon in [their] own hand, and who personally engaged in the unlawful sexual conduct" (NY Assembly Debate on 2017 NY Assembly Bill A3009C, Apr. 8, 2017 at 51-52; see generally Simmons v Trans Express Inc., 37 NY3d 107, 113 [2021]).
Next, a determination of causation in criminal matters generally requires evidence that an offender's conduct was "a sufficiently direct cause of [the claimed injury], and that there was not an obscure or merely probable connection between [the] conduct and the [injury]" (People v Li, 34 NY3d 357, 369 [2019]; see People v Stewart, 40 NY2d 692, 696-697 [1976]). Although a defendant's conduct need not be the sole cause of the claimed injury, a defendant's conduct is a "sufficiently direct cause" of a significant injury where "(1) that defendant's actions were an actual contributory cause of [the significant injury], in the sense that they forged a link in the chain of causes which actually brought about the [significant injury]; and (2) that the [injurious] result was reasonably foreseeable" (Li, 34 NY3d at 369 [internal quotation marks omitted]; see People v Davis, 28 NY3d 294, 300 [2016]).
In the instant case, although the prosecution's submissions established that defendant knew that his codefendant was armed and that defendant participated in the carjacking by pounding on the exterior of the victim's car, the submissions did not support the conclusion that, [*3]for example, defendant "position[ed] the vehicle to enable the codefendant to get a clear shot at the victim" (People v McGee, 87 AD3d 1400, 1401 [4th Dept 2011], affd 20 NY3d 513 [2013]) or "blocked [the victim]'s escape after [the codefendant] pulled the gun" (People v Gourdine, 154 AD2d 255, 257 [1st Dept 1989], lv denied 75 NY2d 770 [1989]). Inasmuch as defendant's actions did not forge a link in the chain of events that actually brought about the victim's death, the People failed to establish by a preponderance of the evidence that defendant caused a significant injury to the victim.
A determination that the prosecution failed to establish the existence of one of the disqualifying factors set forth in CPL 722.23 (2) (c), however, does not necessarily entitle an adolescent offender to have the action removed to Family Court. As the People correctly argue, the absence of a disqualifying factor only compels the court to "order the action to proceed in accordance with subdivision one of [CPL 722.23]" (CPL 722.23 [2] [c]). Pursuant to that subdivision, the prosecution has 30 days in which to move to prevent removal on the ground that extraordinary circumstances exist that should prevent the transfer of the action to Family Court (see CPL 722.23 [1] [a], [d]; see generally Guerrero, 235 AD3d at 1277). We therefore reverse the judgment, vacate the plea, and remit the matter to County Court for further proceedings including, if appropriate, a motion to prevent removal. In light of our determination, we do not address defendant's remaining contentions.
All concur except Curran and Smith, JJ., who dissent and vote to affirm in the following memorandum: We respectfully dissent and vote to affirm inasmuch as we conclude that defendant's contention that County Court erred in determining that the People established that he caused significant physical injury to the victim (see CPL 722.23) was forfeited by his guilty plea (see generally People v Parker, 57 NY2d 136, 140 [1982]), thereby foreclosing this Court from reaching the merits of defendant's contention regardless of the validity of the waiver of the right to appeal (see generally People v Hansen, 95 NY2d 227, 230 n 1 [2000]).
"A plea of guilty . . . generally marks the end of a criminal case, not a gateway to further litigation" (id. at 230). Indeed, "[a]s a rule, a defendant who in open court admits guilt of an offense charged may not later seek review of claims relating to the deprivation of rights that took place before the plea was entered" (id.). "This is so because a defendant's conviction rests directly on the sufficiency of [their] plea, not on the legal or constitutional sufficiency of any proceedings which might have led to [their] conviction after trial" (id. [internal quotation marks omitted]; see People v Di Raffaele, 55 NY2d 234, 240 [1982]). Thus, generally speaking, "[a] guilty plea will . . . encompass a waiver of specific rights attached to trial . . . and it will also effect a forfeiture of the right to revive certain claims made prior to the plea" (Hansen, 95 NY2d at 230).
Nonetheless, "[a] guilty plea does not . . . extinguish every claim on appeal. The limited issues surviving a guilty plea in the main relate either to jurisdictional matters (such as an insufficient accusatory instrument) or to rights of a constitutional dimension that go to the very heart of the process (such as the constitutional speedy trial right, the protection against double jeopardy or a defendant's competency to stand trial)" (id.; see People v Manragh, 32 NY3d 1101, 1102 [2018]). "The critical distinction is between defects implicating the integrity of the process, which may survive . . . , and less fundamental flaws, such as evidentiary or technical matters, which do not" (Hansen, 95 NY2d at 231 [emphasis added]; see People v Guerrero, 28 NY3d 110, 116 [2016]). "Due concern for finality in criminal prosecutions and for the conservation of judicial resources requires that, in the absence of constitutional or jurisdictional defects, a guilty plea should end the litigation" (People v Prescott, 66 NY2d 216, 220 [1985], cert denied 475 US 1150 [1986]).
Here, contrary to the majority's determination, we conclude that defendant's contention, that in not removing the case to Family Court, the court erred in determining that the People established that defendant caused significant physical injury to the victim under CPL 722.23, does not fall within any of the limited categories of issues that survive a valid guilty plea. First and foremost, we conclude—and the majority agrees—that defendant's contention is not jurisdictional in nature inasmuch as County Court, while sitting as Youth Part, was clearly empowered to make the evidentiary determination required by the statute (see CPL 722.10, 722.23 [2] [c]; cf. People v Aaron VV., — AD3d &mdash, &mdash, 2025 NY Slip Op 05018, *1-2 [3d Dept 2025]; see generally CPL 10.10 [2] [b]; Matter of Clark v Boyle, 210 AD3d 463, 468 [1st Dept [*4]2022], lv denied 39 NY3d 974 [2023]).
Also supporting our conclusion that the removal issue is not jurisdictional in nature, we note that CPL 722.23 (4) specifically allows a defendant to waive the opportunity for removal of a criminal action from the Youth Part to Family Court, provided that the waiver is made, inter alia, "knowingly, voluntarily and in open court." Inasmuch as the opportunity for removal to Family Court is a waiveable statutory right, we conclude that it cannot be equated to a jurisdictional matter, such as the requirement that there be a sufficient accusatory instrument (cf. Guerrero, 28 NY3d at 116). Subject matter jurisdiction cannot be waived (see Lacks v Lacks, 41 NY2d 71, 75 [1976], rearg denied 41 NY2d 862, 901 [1977]; see also People v Wilson, 14 NY3d 895, 897 [2010]), and thus the issue of removal cannot be both waivable and a question of subject matter jurisdiction. Although the majority opines that the presence of an express waiver provision constitutes a "statutory directive" precluding us from "framing the [removal] issue as one of forfeiture," that position is irrelevant to whether the issue of removal to Family Court is a jurisdictional issue. Indeed, it bears repeating that the majority agrees with our conclusion that the removal issue is not jurisdictional in nature.
In further support of our determination that the removal issue does not survive the guilty plea, we conclude that the alleged defect is not of "a constitutional dimension that [goes] to the very heart of the process" (Guerrero, 28 NY3d at 116 [internal quotation marks omitted]; see Hansen, 95 NY2d at 230). Rather, defendant's contention arises from his statutory right to an opportunity for removal pursuant to CPL 722.23, and that right does not implicate any underlying constitutional right that would allow us to conclude that the contention survived (cf. People v Boston, 75 NY2d 585, 589 [1990]; see generally People v Keizer, 100 NY2d 114, 119 [2003]; Prescott, 66 NY2d at 219-220). The majority does not assert that the removal issue survives the plea on the basis that it implicates a constitutional consideration that goes to the heart of the process. Rather, the majority, citing People v Taylor (65 NY2d 1 [1985]), concludes that the removal issue is not one of the "less fundamental flaws" that does not survive the plea (Hansen, 95 NY2d at 230) inasmuch as the determination did not remove the issue of "factual guilt from [the] case" (Taylor, 65 NY2d at 5). Taylor did not, however, establish a new category of issues—in addition to jurisdictional and certain constitutional issues—that survive a valid guilty plea. Instead, the Court in Taylor merely described the nature of the issues that fall into the existing categories of matters that survive the plea. It also bears noting that, in Taylor, the Court was considering whether the defendant's contention fell within the scope of a statutory provision specifically providing that certain contentions survive the plea (see id. at 6-7, citing CPL 710.70 [2]).
Let us suppose that the majority is correct in asserting that any issue that does not affect a defendant's factual guilt survives an otherwise valid guilty plea and, consequently, may be raised on appeal. Consistent with that thesis, a defendant's challenge to the denial of a statutory speedy trial motion (see CPL 30.30 [1]) would undoubtedly survive the plea because the question of whether a defendant's statutory speedy trial rights are violated is unrelated to that defendant's factual guilt. Yet we also know that, until CPL 30.30 was amended to expressly provide otherwise (see CPL 30.30 [6]; L 2019, ch 59, § 1, part KKK, § 1 [eff. Jan. 1, 2020]), a valid guilty plea precluded any consideration on appeal of a defendant's challenge to a statutory speedy trial determination (see e.g. People v O'Brien, 56 NY2d 1009, 1010 [1982]; People v Butler, 170 AD3d 1496, 1496-1497 [4th Dept 2019]; People v Allen, 159 AD3d 1588, 1588 [4th Dept 2018]). Like the question of removal at issue in this case, a defendant's statutory speedy trial rights are extremely important and, to borrow the majority's apt turn of phrase "reflect[ ] the legislative determination that time is of the essence" in prosecuting an individual of a crime. Nevertheless, prior to 2020, that issue was forfeited by a plea of guilty, even though it did not affect a defendant's factual guilt, because it was neither jurisdictional nor constitutional in nature. We see no reason to treat the removal issue differently.
Even accepting the majority's premise, we conclude that the nature of defendant's contention on appeal further supports our view that the issue of removal under CPL 722.23 is more akin to contentions that do not survive a guilty plea than it is to those that do survive. Defendant's contention that the court erred in its determination hinges on the assertion that the evidence presented by the People was insufficient to establish by a preponderance of the evidence that defendant caused the victim significant physical injury (see CPL 722.23 [2] [c] [i]) inasmuch as that evidence relied solely on principles of accessorial liability. In our view, [*5]because defendant's contention implicates the admissibility and sufficiency of the evidence supporting the court's determination, it is analogous to a contention challenging the sufficiency of the factual allegations contained in the indictment, which is indisputably forfeited by a guilty plea (see Guerrero, 28 NY3d at 116; People v Seymore, 188 AD3d 1767, 1768 [4th Dept 2020], lv denied 36 NY3d 1100 [2021]; People v Scarbrough, 162 AD3d 1575, 1575 [4th Dept 2018]). In other words, the removal issue is not as disconnected from defendant's factual guilt as the majority suggests.
We further note that, in a similar statutory context, courts have concluded that removal of a juvenile offender's case to Family Court under CPL 210.43, the precursor to CPL 722.22, does not involve a "right of constitutional dimension or a jurisdictional defect in the proceedings" and therefore a guilty plea forecloses a defendant from raising such a contention on appeal (People v Woods, 143 AD2d 1068, 1068 [2d Dept 1988], lv denied 73 NY2d 898 [1989]; see People v Angelo F., 172 AD2d 686, 686 [2d Dept 1991]). We do not perceive any reason why removal under CPL 722.23 should be treated differently. Under each statutory provision, one court ceases its involvement in the matter in favor of another, and neither statute undermines "the . . . right [of the state] to prosecute" the offender for the underlying offense (People v Thomas, 74 AD2d 317, 320 [2d Dept 1980], affd 53 NY2d 338 [1981]; see People v Spears, 106 AD2d 417, 418 [2d Dept 1984]). Indeed, neither removal provision deprives the state of the power to act against the offender. Although certainly not a perfect comparison, the removal process can, in some sense, be analogized to situations in which the court shifts a proceeding to the more appropriate venue. In those circumstances, courts have held that such venue issues are forfeited by a guilty plea (People v Harris, 182 AD3d 992, 995 [4th Dept 2020], lv denied 35 NY3d 1066 [2020]; see also People v Williams, 14 NY2d 568, 570 [1964]; see generally People v Carvajal, 6 NY3d 305, 312 [2005]). Therefore, if the analogy holds, the same should be true with respect to removal under CPL 722.23.
Further, it also is highly significant to us that, as we previously stated, the legislature, in providing a statutory right to have a criminal matter removed from the Youth Part to Family Court, did not also provide—as it has in other legislation—that the denial of removal survives a guilty plea (see e.g. CPL 30.30 [6]; 710.70 [2]). Indeed, nothing in the express statutory text of CPL article 722 provides that removal challenges such as the one raised here are not forfeited by an otherwise valid guilty plea. Where, as here, a contention is not otherwise jurisdictional or of a constitutional nature, the absence of language designating the issue as one that would survive a plea indicates that the legislature did not intend for the issue to survive a guilty plea (see generally McKinney's Cons Laws of NY, Book 1, Statutes § 74). Thus, the absence of such a provision here is telling.
Ultimately, because the issue of removal to Family Court under CPL 722.23 is neither jurisdiction nor constitutional—i.e., it does not implicate "the integrity of the process"—and because the legislature has not specifically exempted it from the general rule, we conclude that defendant's challenge to the removal decision relates to a "less fundamental flaw[ ]" that does not survive the guilty plea (Hansen, 95 NY2d at 231). By characterizing the removal issue in this manner, we do not imply that the issue is not important; we merely conclude that it is not so fundamental that it survives the plea even in the absence of a legislative pronouncement to that effect.
Inasmuch as we conclude that defendant's remaining contentions do not warrant reversal or modification of the judgment, we would affirm the judgment.
Entered: December 23, 2025
Ann Dillon Flynn
Clerk of the Court