■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JENNIFER WILKOV, Appellant. [911 NYS2d 1]—

Judgment, Supreme Court, New York County (Bonnie G. Wittner, J.), rendered June 4, 2008, convicting defendant, upon her plea of guilty, of scheme to defraud in the first degree, violation of General Business Law § 352-c (5) and 22 counts of violation of General Business Law § 352-c (6), and sentencing her to an aggregate term of six months, with five years' probation and restitution in the amount of $41,336.14, unanimously affirmed.

The court properly denied defendant's motion to withdraw her guilty plea (*see People v Frederick,* 45 NY2d 520 [1978]). "[T]he nature and extent of the fact-finding procedures on such motions rest largely in the discretion of the court" (*People v Fiumefreddo,* 82 NY2d 536, 544 [1993]). Contrary to defendant's argument, the court did not decide her motion until after it accorded her a full opportunity to be heard. The record establishes that the plea was voluntary, and that defendant's assertions of innocence, coercion and ineffective assistance of counsel were contradicted by the thorough plea colloquy.

The court properly exercised its discretion in denying defendant's alternative request for an adjournment for the purpose of retaining new counsel. There had been a lengthy period between the plea and sentencing proceedings in which this nonindigent defendant could have hired a new attorney if she wished, and, in any event, "no purpose would be served by such a substitution, given the patently meritless nature of defendant's plea withdrawal application" (*People v Rivera,* 34 AD3d 240, 241 [2006], *lv denied* 8 NY3d 926 [2007]).

Defendant's CPL 440.10 motion to vacate judgment is not before this Court because leave to appeal was denied (*see* CPL 450.15 [1]; 460.15; *People v Rivera*, 35 AD3d 304, 305 [2006], *lv denied* 8 NY3d 949 [2007]). Defendant's request that the bench for this appeal entertain a leave application is procedurally improper because CPL 460.15 specifically provides that such an application can only be made to an individual justice, and can only be made once.

Defendant's remaining argument is improperly raised for the first time in a reply brief.

Motion to strike a portion of reply brief granted. Concur— Gonzalez, P.J., Andrias, Nardelli, McGuire and Abdus-Salaam, JJ.