■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GERALD ROSS, Appellant. [998 NYS2d 177]—

Judgment, Supreme Court, New York County (Ronald A. Zweibel, J.), rendered April 7, 2011, convicting defendant, after a jury trial, of two counts of attempted sexual abuse in the first degree and endangering the welfare of a child, and sentencing him, as a second felony offender, to an aggregate term of eight years, unanimously affirmed. Order, same court and Justice, entered on or about January 16, 2014, which denied defendant's CPL 440.10 motion to vacate the judgment of conviction, unanimously affirmed.

The verdict was not against the weight of the evidence (*see People v Danielson*, 9 NY3d 342, 348-349 [2007]). Defendant's commission of attempted sexual abuse in the first degree was established by evidence that he attempted to subject the eight-year-old victim to sexual contact, by twice approaching her and requesting that she touch his penis. In each instance, defendant's conduct constituted an attempt under Penal Law § 110.00 because he came dangerously close to achieving his objective (*see People v Bracey*, 41 NY2d 296, 299-300 [1977]), in that all that was necessary to complete the crime was compliance by the child, who was legally incapable of consent.

The court properly denied defendant's motion to vacate the judgment, made on the ground of ineffective assistance of counsel regarding defendant's rejection of a plea offer. The submissions on the motion failed to demonstrate that, but for counsel's allegedly incorrect advice regarding the possibility of consecutive sentencing, there was a reasonable probability that defendant would have accepted the People's plea offer (*see Lafler v Cooper*, 566 US —, — 132 S Ct 1376, 1384-1385 [2012]). We

note that defendant had access to his trial lawyer's notes and did not produce them in support of his motion.

We perceive no basis for reducing the sentence. Concur— Friedman, J.P., Acosta, Moskowitz, Richter and Clark, JJ.