THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NOLBER QUINONES, Appellant. [30 NYS3d 101]—

Judgment, Supreme Court, New York County (Michael R. Sonberg, J.), rendered November 7, 2011, convicting defendant, after a nonjury trial, of rape in the second degree and endangering the welfare of a child, and sentencing him, as a second violent felony offender, to an aggregate term of six years to be followed by 15 years' postrelease supervision, unanimously affirmed.

Defendant's ineffective assistance claims include matters outside, or not fully explained by the record. Although defendant raised these claims in an unsuccessful CPL 440.10 motion, his motion for leave to appeal to this Court was denied. Accordingly, while defendant's claims are cognizable on direct appeal, our review is limited to the trial record (*see People v Evans*, 16 NY3d 571, 575 [2011]). To the extent defendant "request[s] that the bench for this appeal entertain a leave application [that application] is procedurally improper because CPL 460.15 specifically provides that such an application can only be made to an individual justice, and can only be made once" (*People v Wilkov*, 77 AD3d 512, 513 [1st Dept 2010], *lv denied* 16 NY3d 746 [2011]).

Based on the limited review permitted by the existing record, we find that defendant received effective assistance under the state and federal standards (*see People v Benevento*, 91 NY2d 708, 713-714 [1998]; *Strickland v Washington*, 466 US 668 [1984]). Defendant's principal claims are refuted by the

record, including, among other things, a colloquy between defendant and the court at the time defendant waived a jury trial. In particular, regardless of whether counsel misadvised defendant of his predicate offender status and true sentencing exposure, the record shows that the court gave defendant timely and accurate advice on this subject, and defendant nevertheless proceeded to trial. Defendant has not shown that the outcome of the plea process would have been different with different advice from counsel (*see Lafler v Cooper*, 566 US —, —, 132 S Ct 1376, 1384-1385 [2012]). We have considered and rejected defendant's remaining ineffective assistance of counsel claims.

We perceive no basis for reducing the sentence, including he term of postrelease supervision. Concur—Tom, J.P., Renwick, Richter, Kapnick and Webber, JJ.