People v Comfort (2018 NY Slip Op 06651)





People v Comfort


2018 NY Slip Op 06651


Decided on October 5, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 5, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CENTRA, LINDLEY, NEMOYER, AND TROUTMAN, JJ.


967 KA 12-02377

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
JAMES E. COMFORT, DEFENDANT-APPELLANT. (APPEAL NO. 1.) 






VAHEY MULDOON RESTON GETZ LLP, ROCHESTER (GARY MULDOON OF COUNSEL), FOR DEFENDANT-APPELLANT. 
WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (KENNETH H. TYLER, JR., OF COUNSEL), FOR RESPONDENT. 


 Appeal, by permission of a Justice of the Appellate Division of the Supreme Court in the Fourth Judicial Department, from an order of the Onondaga County Court (Donald E. Todd, A.J.), dated November 16, 2012. The order, insofar as appealed from, denied that part of defendant's motion pursuant to CPL 440.10 seeking to vacate the judgment convicting defendant of rape in the first degree, rape in the third degree, attempted sodomy in the first degree, attempted sodomy in the third degree, assault in the second degree, endangering the welfare of a child and sexual abuse in the third degree (three counts). 
It is hereby ORDERED that the order so appealed from is unanimously affirmed.
Memorandum: In appeal No. 1, defendant appeals by permission of this Court from that part of an order that denied his motion pursuant to CPL 440.10 seeking to vacate the judgment convicting him upon a jury verdict of, inter alia, rape in the first degree (Penal Law
§ 130.35 [1]; see CPL 450.15 [1]). In appeal No. 2, defendant appeals as of right from that part of the same order that denied his motion to have forensic DNA testing performed on specified evidence (see CPL 440.30 [1-a] [a] [1]; 450.10 [5]). Contrary to defendant's contentions, we conclude that County Court properly denied both parts of the motion without a hearing.
Addressing first the contentions in appeal No. 1, we reject defendant's contention that he was denied effective assistance of counsel during the plea negotiation process. Defendant rejected a plea offer before trial, but now contends that defense counsel never informed him of the possibility that he could receive the 40-year term of incarceration that was ultimately imposed. Contrary to defendant's contention, "[t]he submissions on the motion failed to demonstrate that, but for counsel's [failure to advise of the maximum potential sentence], there was a reasonable probability that defendant would have accepted the People's plea offer" (People v Ross, 123 AD3d 454, 454 [1st Dept 2014], lv denied 26 NY3d 934 [2015]), i.e., "that the outcome of the plea process would have been different with different advice from counsel" (People v Quinones, 139 AD3d 408, 409 [1st Dept 2016], lv denied 28 NY3d 935 [2016]; see People v Banks, 28 NY3d 131, 137-138 [2016]).
We note that, after the prosecutor at sentencing requested a 40-year aggregate sentence, defendant stated that, even in hindsight, he would not have accepted the People's plea offer. Specifically, defendant said: "[Y]ou know what, if I had to do it again, I would not accept the deal. I have a thing called dignity. I would not plea to a crime I did not do." Defendant went on to say that he knew that the court was going to sentence him to "the full 40 years to run consecutive," but that it did not matter to him because he was certain that the conviction would be overturned on appeal. He guaranteed that he would eventually be "vindicated of this crime." Thus, defendant's own words belie his current claim that he would have pleaded guilty if defense counsel had advised him prior to trial that he could be sentenced to 40 years in prison.
Defendant further contends in appeal No. 1 that he was punished for exercising his right to trial because he received a sentence after trial that was significantly greater than that offered to him before trial. Inasmuch as the record was sufficient to permit review of that contention and defendant unjustifiably failed to raise it on his direct appeal, the court properly denied that part of the motion (see CPL 440.10 [2] [c]).
Contrary to defendant's contention in appeal No. 2, we conclude that the court properly denied that part of his motion seeking forensic DNA testing inasmuch as defendant "failed to show that there exists a reasonable probability that the verdict would have been more favorable to defendant' if the requested testing had been carried out and the results admitted at trial" (People v Sposito, 30 NY3d 1110, 1111 [2018], quoting CPL 440.30 [1-a] [a] [1]; see People v Letizia, 141 AD3d 1129, 1130 [4th Dept 2016], lv denied 28 NY3d 1073 [2016], reconsideration denied 28 NY3d 1186 [2017]).
Entered: October 5, 2018
Mark W. Bennett
Clerk of the Court