People v Flores (2019 NY Slip Op 07276)





People v Flores


2019 NY Slip Op 07276


Decided on October 9, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 9, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
MARK C. DILLON
LEONARD B. AUSTIN
SYLVIA O. HINDS-RADIX, JJ.


2016-08194
 (Ind. No. 8978/03)

[*1]The People of the State of New York, respondent,
v
Antonio Flores, appellant.


Janet E. Sabel, New York, NY (Elizabeth L. Isaacs and Lawrence T. Hausman of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Sholom J. Twersky of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant, by permission, from an order of the Supreme Court, Kings County (Carolyn E. Demarest, J.), dated July 28, 2016. The order denied, after a hearing, the defendant's motion pursuant to CPL 440.10 to vacate a judgment of conviction of the same court rendered November 22, 2004, convicting him of murder in the second degree, attempted murder in the second degree, assault in the second degree, reckless endangerment in the first degree, and criminal mischief in the fourth degree, upon a jury verdict, and imposing sentence.
ORDERED that the order is affirmed.
The defendant was charged with, inter alia, murder in the second degree, attempted murder in the second degree, assault in the second degree, reckless endangerment in the first degree, and criminal mischief in the fourth degree, for his acts in firing multiple gunshots at a group of people leaving a party in Brooklyn, killing one person and injuring two others. Prior to trial, the Supreme Court repeatedly offered a sentencing deal to the defendant in which he would be sentenced to a term of imprisonment of 15 years to life on the murder count if he were to forego trial and plead guilty to the indictment. The People did not join in the court's offer. The defendant rejected the court's offer, proceeded to trial by jury, and was found guilty on all counts. The defendant was sentenced, as a predicate violent felon, to consecutive terms of imprisonment of 24 years to life for the murder conviction, 20 years for the attempted murder conviction, and 7 years for the assault conviction, and concurrent terms of imprisonment of 3½ to 7 years for reckless endangerment and 1 year for criminal mischief, for an aggregate term of imprisonment of 51 years to life. The defendant's judgment of conviction, including the court's imposition of consecutive sentences, was affirmed by this Court on direct appeal from the judgment (see People v Flores, 46 AD3d 570).
By motion filed March 5, 2013, the defendant moved pursuant to CPL 440.10(1)(h) to vacate the judgment of conviction on the ground that he had received ineffective assistance of trial counsel. The defendant alleged that trial counsel had failed to adequately advise him regarding the Supreme Court's pretrial sentencing offer by misadvising the defendant that he faced a maximum sentence of 25 years to life if convicted after trial, instead of advising him that he faced imposition of consecutive sentences if convicted after trial, and by misadvising the defendant of the likelihood [*2]of success at trial. In an order dated July 28, 2016, made after a hearing, the court denied the defendant's motion.
The defendant failed to demonstrate that he was deprived of the effective assistance of counsel under either the federal or state constitution (see US Const Amend VI; NY Const, art I, § 6; Lafler v Cooper, 566 US 156, 162; Strickland v Washington, 466 US 668; People v Benevento, 91 NY2d 708; People v Baldi, 54 NY2d 137). According deference to the Supreme Court's credibility determinations (see People v Davidson, 150 AD3d 1142), we agree with the court's determination that the defendant failed to carry his burden of establishing that his trial counsel misadvised him of the sentencing exposure that he faced if convicted after trial, including the imposition of consecutive sentences. Moreover, the defendant's testimony was contradicted by the court's independent recollection of the proceedings. Under these circumstances, the defendant failed to establish that he was misadvised during plea discussions with the court (see Lafler v Cooper, 566 US at 163). The defendant further failed to establish that he would have pleaded guilty to the indictment prior to trial had he been differently advised (see id.). Although the defendant testified that he would have pleaded guilty, the defendant acknowledged, during the hearing, that his trial counsel advised him that certain evidence "looked bad" for him, and the record of pretrial proceedings demonstrates that the defendant maintained his innocence prior to trial. Thus, regardless of whether his trial counsel misadvised the defendant, the defendant has failed to show that there was a reasonable probability that he would have accepted the court's sentencing offer (see People v Quinones, 139 AD3d 408; People v Ross, 123 AD3d 454). Accordingly, we agree with the court's determination denying the defendant's motion.
The defendant's remaining contentions are without merit.
RIVERA, J.P., DILLON, AUSTIN and HINDS-RADIX, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court