People v Medina (2021 NY Slip Op 05399)





People v Medina


2021 NY Slip Op 05399


Decided on October 07, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 07, 2021

Before: Manzanet-Daniels, J.P., Mazzarelli, Moulton, González, Pitt, JJ. 


Ind No. 3166/14 Appeal No. 14305-14305A Case No. 2017-01837 

[*1]The People of the State of New York, Respondent,
v
Arturo Medina, Defendant-Appellant.


Justin C. Bonus, Forest Hills, for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Jared Wolkowitz of counsel), for respondent.



Judgment, Supreme Court, New York County (Anthony J. Ferrara, J.), rendered November 18, 2016, convicting defendant, after a jury trial, of robbery in the first degree (two counts) and robbery in the second degree (four counts), and sentencing him to an aggregate term of 10 years; and order, same court (Robert M. Mandelbaum, J.), entered on or about January 16, 2020, which denied defendant's CPL 440.10 motion to vacate the judgment, unanimously affirmed.
The court providently exercised its discretion in summarily denying defendant's CPL 440.10 motion to vacate the judgment because it raised grounds that defendant either had raised, or was in an adequate position to have raised, in his prior such motion (see CPL 440.10[3][b], [c]). To the extent defendant is arguing that the prior motion should have been granted, or that a justice of this Court should have granted leave to appeal from the denial of that motion, those claims are not cognizable on this appeal (see People v Wilkov, 77 AD3d 512, 513 [1st Dept 2010], lv denied 16 NY3d 746 [2011]). Although defendant describes his claims in constitutional terms, they are nevertheless procedurally defective as noted, and are unreviewable. In the alternative, the motion before us on this appeal was unavailing on the merits, because it was based on conclusory or otherwise unsupported claims (see People v Brown, 24 AD3d 271 [1st Dept 2005], lv denied 6 NY3d 846 [2006]).
The prosecutor's summation comments arguing that the People's witnesses told the truth about various matters were properly responsive to the defense summation, which extensively attacked those witnesses' credibility (see People v Overlee, 236 AD2d 133, 144 [1st Dept 1997], lv denied 91 NY2d 976 [1998]). Defendant's remaining challenges to the People's summation, and to the court's questioning of a witness in response to a juror's question, are unpreserved and we decline to review them in the interest of justice. As an alternative holding, we find no basis for reversal (see People v D'Alessandro, 184 AD2d 114 [1st Dept 1992], lv denied 81 NY2d 884 [1993]). We also find that any error involving the summation or the court's questioning was harmless in light of the overwhelming evidence of defendant's guilt (see People v Crimmins, 36 NY2d 230 [1975]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 7, 2021